433 So.2d 964 (1983)
T. David BURNS, Petitioner,
v.
L.R. HUFFSTETLER, Jr., et al., Respondents.
No. 61897.
Supreme Court of Florida.
May 12, 1983.
Rehearing Denied July 19, 1983.
James G. Mahorner, Tallahassee, for petitioner.
Jim Smith, Atty. Gen., and Kent A. Zaiser, Asst. Atty. Gen., Tallahassee, for respondents.
OVERTON, Judge.
This cause is before this Court on a petition for a writ of prohibition asserting that respondent William F. Edwards, a judge of the fifth judicial circuit, had no jurisdiction to suspend petitioner's license to practice law in Florida as an alternative punishment for being found in criminal contempt. We have jurisdiction. Art. V, §§ 3(b)(7) and 15, Fla. Const. We grant prohibition and hold that the circuit judge was without authority to order petitioner to surrender his license to practice law in this state under the procedure utilized in this cause. We find, however, that petitioner, T. David Burns, may be proceeded against in an appropriate disciplinary action, in accordance with either The Florida Bar disciplinary procedure set forth in Florida Bar Integration Rule, article XI, Rules 11.02-11.13, or the judicial disciplinary procedure of Florida Bar Integration Rule, article XI, Rule 11.14.
The facts of this case are uncontroverted. In June, 1981, petitioner was counsel for a defendant charged with first-degree murder. On June 24, 1981, an assistant state attorney for the fifth circuit filed a motion for inquiry on advisability of sanctions for discovery violations against petitioner, pursuant to Florida Rule of Criminal Procedure 3.220(j)(1) and (2), alleging that petitioner had intentionally failed to provide reciprocal discovery. The motion also alleged that petitioner had attempted to impede trial by requesting continuances upon false grounds and by admitting the criminal defendant into a psychiatric hospital. The presiding judge, Huffstetler, held a hearing on this *965 motion and, at the hearing, removed petitioner as counsel of record in the murder case, appointing a public defender to represent the defendant. He also determined that petitioner's conduct appeared to him to be contemptuous.
Judge Huffstetler disqualified himself from petitioner's case, and Judge Edwards was assigned to consider petitioner's alleged contemptuous conduct. Judge Edwards entered an order to show cause why respondent should not be held in contempt and set the matter for an evidentiary hearing. Immediately prior to this hearing, the state offered petitioner a consent judgment whereby petitioner could voluntarily surrender his license to practice law in Florida and submit to an alcohol rehabilitation program in lieu of being incarcerated for criminal contempt. Counsel for petitioner accepted the proposed consent judgment. The consent judgment was entered under Florida Rule of Criminal Procedure 3.840. It adjudicated petitioner in indirect criminal contempt of court and sentenced him to confinement for 179 days, but suspended the term of imprisonment as long as petitioner surrendered to the trial court his license to practice law and submitted to placement in an alcohol and/or drug abuse rehabilitation program. Reinstatement to the practice of law was conditioned on petitioner's proving to the trial court his rehabilitation and competence to practice law.
Petitioner, in seeking a writ of prohibition preventing the trial court from retaining his license to practice law, asserts that the trial court had no constitutional power to discipline him and that we should reinstate his license to practice law and vacate the order removing him as counsel of record in the murder prosecution.
There are three alternative methods for the disciplining of attorneys, and the first two procedures derive directly from this Court's delegation of its power to regulate the practice of law in Florida, as conferred by article V, section 15, Florida Constitution. The first alternative is the traditional grievance committee-referee process in which an attorney is prosecuted by The Florida Bar under the direction of the Board of Governors. Under this procedure, sanctions are imposed by the Supreme Court after the Court considers the referee's recommendations. See Fla.Bar Integr. Rule, art. XI, Rules 11.02-11.13. The second alternative is a procedure initiated by the judiciary with the state attorney prosecuting. Judgment is entered by the trial court and is subject to review by the Supreme Court. See Fla.Bar Integr.Rule, art. XI, Rule 11.14. The third alternative is the exercise of the inherent power of the courts to impose contempt sanctions on attorneys for lesser infractions, a procedure which this Court expressly approved in Shelley v. District Court of Appeal, 350 So.2d 471 (Fla. 1977). We stated in Shelley:
[T]he imposition of a summary contempt sanction is a proper and necessary disciplinary tool to aid a judicial tribunal in carrying out its necessary court functions... . The contempt power is a proper and historical alternative to existing formal disciplinary proceedings. The Integration Rule of The Florida Bar, Article XI, Rule 11.14, providing for disciplinary proceedings in circuit courts, is no bar to the use of this summary power in cases of lesser infractions of the various rules governing the practice of law which affect the necessary operations of a court.
Id. at 472-73 (footnote omitted) (emphasis added).
Although the petitioner attacks the judicial disciplinary process of Rule 11.14 as unconstitutional on the ground that there was an improper delegation of this Court's jurisdiction, that rule was not utilized in imposing the discipline in this cause. It is clear from the record that the trial court in this case was exercising its inherent power in dealing with contempt of court and was utilizing the procedures established in Florida Rule of Criminal Procedure 3.840 to impose sanctions upon petitioner for his unethical conduct. Petitioner, as an alternative to serving 179 days in jail, was allowed to surrender his license to practice law to the trial court, which retained the sole power *966 to reinstate him. We find that this procedure is not authorized.
Under the disciplinary procedures we have established under our authority in article V, section 15, all reports of a referee and all judgments must be filed with the Supreme Court, Fla.Bar Integr.Rule, art. XI, Rule 11.09, and only the Supreme Court has the power to reinstate those attorneys who have been suspended or disbarred. Fla.Bar Integr.Rule, art. XI, Rule 11.11. In Shelley, we recognized that the contempt power may be used as an alternative to formal disciplinary proceedings in "cases of lesser infractions." When the offense is serious enough to warrant a suspension or disbarment, however, either The Florida Bar grievance process or the judicial disciplinary process must be utilized in order to provide appropriate direct review in this Court and to comply with the procedure established for reinstatement.
The argument that petitioner should be estopped from challenging his suspension because he consented to surrender his license to practice law in order to avoid incarceration is not controlling in this proceeding. We conclude that the order of contempt requiring petitioner to surrender his license as an alternative to incarceration amounts to a suspension from the practice of law and that such a punishment may not be imposed as a sanction for contempt. Suspension and disbarment may, however, be sought for the identical conduct in the appropriate disciplinary proceedings authorized by this Court under article V, section 15. We find no basis in this record to vacate the order removing petitioner as counsel for the criminal defendant, Clyde Young.
With the assurance that the respondent will comply with the views expressed in this opinion, the formal issuance of the writ of prohibition is withheld. Appropriate grievance or judicial disciplinary proceedings may, however, be instituted against petitioner under the prescribed rules. Further, our holding is not intended to prohibit the trial court from using contempt proceedings to punish attorney misconduct in this or any other cause.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, McDONALD and EHRLICH, JJ., concur.