Motion to Dismiss

RAWLS, Chief Judge.
Appellee seeks dismissal of this cause on the grounds that appellants have failed to prosecute this appeal in accordance with Florida Appellate Rules 3.5, 3.6, and 3.7, 32 F.S.A. Appellants filed a notice of appeal on May 24, 1973, from a final judgment rendered on the 26th day of April, 1973. As of the date of this motion and as of October 2, 1973, the date this Court heard oral arguments on the subject motion to dismiss, appellants had not filed or tendered assignments of error, directions to the clerk and reporter, or appellants’ brief. In short, this record reflects that since May 24, 1973, until October 2, 1973, appellants completely failed to take any steps toward prosecuting the subject appeal.
By an instrument' entitled “Motion of Appellants to Deny Appellee’s Motion to Dismiss and Motion to Extend Time”, filed in this Court on October 1, 1973, appellant states: “It has been the experience of the undersigned that a spirit of ‘live and let live’ prevails among attorneys involved in appeals, and that extensions of time are freely granted by attorneys involved in appeals.” First, it is noted that until the aforesaid instruments was filed in this Court, appellants had not requested an extension of time from the trial court or from this Court for the performance' of any act required on their parts by the Florida Appellate Rules. Secondly, we observe that attorneys do not grant extensions of time involved in appeals — such prerogative is vested in the trial courts and the appellate courts. Thirdly, the sole reason that appellant has offered for his flagrant violation of the subject appellate rules is that: “It has been the experience of the undersigned that extensions of time in appellate matters are especially prevalent during the summer months.” Without further comment, it is noted that the foregoing observation does not constitute good cause for failure of an attorney to timely progress an appeal.
Oftentimes and rightfully so, the judicial system is criticized for inordinate delay in reaching a final judgment disposing of controversies among litigants. It is the responsibility of attorneys to promptly dispatch the duties they owe their clients. Proper functioning of the adversary system depends to a great extent upon lawyers abiding by the procedural rules and timetables prescribed in order for a prompt *873 final decision to be reached. The inordinate, inexcusable delay by appellant in failing to take any action to prosecute the subject appeal within the time periods prescribed by the Florida Appellate Rules requires that the subject motion to dismiss be granted.-
This cause stands dismissed.
SPECTOR and WIGGINTON, JJ., concur.