363 So.2d 807 (1978)
Walter G. WINSTEAD and Lise H. Faircloth, Formerly Lise H. Winstead, Appellants,
v.
Lois B. ADAMS, Appellee.
No. II-263.
District Court of Appeal of Florida, First District.
June 30, 1978.
Robert W. Elrod, Jacksonville, and Albert E. Buschman, Jr., Jacksonville Beach, for appellants.
Charles W. Arnold, Jr., Jacksonville, for appellee.

ON MOTION TO DISMISS
McCORD, Chief Judge.
Appellee has moved to dismiss this appeal for failure of appellants to comply with the Florida Appellate Rules. This action is an appeal from a summary final judgment entered on December 21, 1977. Notice of appeal was filed on December 27, 1977, and on January 18, 1978, assignments of error and directions to the clerk were filed. Under Florida Appellate Rule 3.7, appellant's brief was due to be filed with this Court on March 7, 1978, and the record on appeal should have been filed with this Court on April 16, 1978. The motion to dismiss points out that as of April 27, 1978, neither the record nor appellant's brief had been filed. The record was filed the following day, April 28, 1978. We then issued an order directed to appellants to show cause why the motion to dismiss should not be granted, and appellants' attorneys filed a response thereto mentioning difficulties they had had communicating with their clients. The response, however, included no explanation of why they made no motion for extension of time stating good cause therefor before the time had expired.
This Court in Akin v. Harvey, 283 So.2d 872 (Fla. 1 DCA 1973), said:
"Oftentimes and rightfully so, the judicial system is criticized for inordinate delay in reaching a final judgment disposing of controversies among litigants. It is the responsibility of attorneys to promptly dispatch the duties they owe their clients. Proper functioning of the adversary system depends to a great extent upon lawyers abiding by the procedural rules and timetables prescribed in order for a prompt final decision to be reached. The inordinate, inexcusable delay by appellant in failing to take any action to prosecute the subject appeal within the time periods prescribed by the Florida Appellate Rules requires that the subject motion to dismiss be granted."
There has been considerable public criticism as to the length of time it takes an appeal to move through the appellate process. Some of this delay is occasioned by the *808 large volume of appeals that the appellate courts are called upon to process and adjudicate but much of it is occasioned by the failure of some attorneys to comply with the Florida Appellate Rules. The latter causes additional processing of the appeal and thereby compounds the court's problems with the former. We can, and perhaps should, dismiss the appeal as in Aken v. Harvey, supra, for such dereliction by an attorney. Such action would decrease our case load but would be hard on the litigant. Since the opinion in Aken, the Court has been more tolerant of such failure because it has been reluctant to punish the litigant for his attorney's dereliction.
Upon our further consideration of this problem, we do not in any degree abandon dismissal as a sanction for noncompliance with the Rules and some appeals will be dismissed for such reason, but we here serve notice that in the future an offending attorney may expect, in addition to dismissal or in lieu thereof, to receive an order directing him to appear before this Court at a specific time and show cause why he should not be held in contempt of this Court and punished for failure to comply with the Appellate Rules. Since we have not previously given notice of this procedure to the Bar, we will not inaugurate it in this case, but we take this means of serving a caveat upon attorneys who in the future ignore the Appellate Rules.
The motion to dismiss the appeal is denied.
MILLS and ERVIN, JJ., concur.