PER CURIAM.
This cause is before us on Order to Show Cause why sanctions should not be imposed against Thomas K. McKee, Jr., attorney for appellant herein, for violation of the Florida Appellate Rules.
The facts as shown by the record are that notice of appeal to review the final judgment of the Circuit Court, Columbia County, was filed here on September 5, 1978. Appellant’s initial.brief was due November 14, 1978, but that day passed without a brief being filed in this Court. Finally on April 20, 1979, this Court, sua sponte, ordered that appellant show cause within ten days why the appeal should not be dismissed for failure to comply with the rules. At this point appellant’s brief was more than five months late. On May 3,1970, this Court closed appellant’s case. On May 8, 1979, McKee filed his motion to vacate and motion for extension of time. In his motion McKee states that he “certified appellant’s brief in this Court on December 5, 1978.”
*1099 On May 15, 1979, this Court entered an Order vacating the certification of the case closing and granting appellant twenty days from that date within which to file his record on appeal and brief. The Order also directed the appearance of attorney McKee before this Court on June 1, to respond citing Winstead v. Adams, 363 So.2d 807 (Fla. 1st DCA 1978).
Prior to the date set for McKee’s appearance before us, he filed a response to Order to Show Cause and appellant’s brief, a two-page brief which is not in compliance with Florida Rules of Appellate Procedure. McKee’s response again asserts that he certified appellant’s brief to this Court on December 5, 1978.
On consideration of the record before us, and having heard the response of attorney McKee in this cause, we find:
(1) That this Court has no record of any brief being filed in this case prior to May 31, 1979.
(2) That McKee’s assertion that he “certified” to this Court appellant’s brief on December 5, 1978, an assertion which we take to mean that he mailed or caused to be delivered to this Court and to opposing counsel his brief is unsupported by affidavit or by any statement of opposing counsel that he received a copy, and is therefore subject to question.
(3) That in the event such a brief was mailed to the Court and to opposing counsel on December 5, 1978, but was never delivered through no fault of McKee, said brief was nonetheless late since it should have been filed November 14, 1978.
(4) That McKee has offered no explanation of his failure to move timely for extension of time for filing the appellant’s brief; has failed to furnish the record on appeal as required by Rule 9.200, Florida Appellate Rules, or to seek an extension of time for the filing of said record.
(5) That McKee’s client, appellant Cain, appeared before this Court at the time of McKee’s appearance on the show cause order on June 1, and stated his dissatisfaction with the representation, or lack of representation, he has received from McKee, a dissatisfaction which a review of the record here, including the brief filed by McKee on behalf of appellant, amply justifies.
Accordingly, it is the Order of this Court that:
(1) Thomas K. McKee, Jr., pay to the Clerk of this Court a fine of $300.00, said sum to be paid within twenty days of this Order, to wit: July 9, 1979.
(2) Further proceedings are stayed for a period of thirty days from the date of this Order within which appellant Cain may employ new counsel, should he desire to do so. On filing of any new brief for appellant, the brief filed by McKee shall be stricken.
(3) Thomas K. McKee, Jr., is hereby publicly reprimanded for his flagrant disregard of the appellate rules and admonished that his failure to comply with the dictates of this Order will subject him to the contempt powers of the Court.
(4) The Clerk of this Court is directed to certify a copy of this Opinion to the Florida Bar for such consideration as it deems appropriate.
McCORD, C. J., and BOOTH and LARRY G. SMITH, JJ., concur.