433 So.2d 632 (1983)
Kevin Maurice MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
Derek MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
Nos. AO-465, AO-466.
District Court of Appeal of Florida, First District.
June 23, 1983.
Larry L. Bryan, Jacksonville Beach, for appellants.
Jim Smith, Atty. Gen., and Barbara Ann Butler, Asst. Atty. Gen., for appellee.

ORDER IMPOSING SANCTIONS
PER CURIAM.
On October 8, 1982, the notices of appeal in these companion cases were filed with the lower court. The initial briefs were due on December 27, 1982. On April 13, 1983, appellee moved to dismiss the appeals because appellants had not caused the records on appeal to be prepared and had not filed the initial briefs as required by the appellate rules. On April 15, this court entered orders directing appellants to show cause, within ten days, why the motions should not be granted. Appellants did not respond to the show cause orders or the motions to dismiss.
Because counsel for appellants, Larry L. Bryan, Esquire, failed to properly prosecute the appeals and ignored the orders of this court, he was directed to appear before the court and show cause why he should not be held in contempt. The day before he was to appear before the court, counsel filed written responses stating that he did not intentionally disregard the appellate rules or this court and that, although it appeared he had not prosecuted the appeal, actually he discovered there was nothing of legal substance to appeal because appellants pleaded guilty and there were no legal grounds on which to challenge the sentence. Along with the responses, appellants filed a notice of voluntary dismissal.
We find that neither the written responses nor the oral explanation made to the court constitute good cause for counsel's failure to comply with the appellate rules and the orders of this court. Although counsel's actions might be considered contemptuous, we decline to impose such a severe sanction at this time. However, by the publication of this order, Larry L. Bryan, Esquire, is publicly reprimanded for the manner in which he handled these appeals. Counsel is warned that any future violations of the appellate rules or disregard for the orders of this court may result in more severe sanctions being imposed including contempt. Counsel's name shall be added to the list of attorneys who have been warned that their future misconduct in the *633 handling of an appeal may result in sanctions being imposed against them.[1] A copy of this order will be forwarded to the Florida Bar for any action it may deem warranted. Further, counsel is instructed to serve a copy of this order on his clients and send to this court a certificate of service showing compliance.[2]
IT IS SO ORDERED.
MILLS, BOOTH and SHIVERS, JJ., concur.
NOTES
[1] In Winstead v. Adams, 363 So.2d 807 (Fla. 1st DCA 1978), this Court served notice that an attorney who violates the appellate rules could be punished for his dereliction. Because a more severe punishment should be imposed upon an attorney who has persisted in flaunting the rules, the Court established the Culpa List, named from the maxim culpa teneat suos auctores.
[2] These clients are specifically appellants herein, Kevin Maurice Mitchell and Derek Mitchell.