ORDER IMPOSING SANCTIONS
PER CURIAM.
Appellee filed a motion to dismiss this appeal when appellant’s brief was almost three months overdue. Appellant was directed to show cause why the motion to dismiss should not be granted. In response, appellant filed a motion for extension of time. In the motion appellant’s counsel explained that he had been out of the office or unable to work for the past 30 days due to an emergency medical situation involving a family member and extended litigation in federal court. Counsel asked for 15 days from the date of service of the motion in which to file the initial brief, and certified that he had not consulted opposing counsel, but by service of the motion was doing so and requesting opposing counsel to either state he had no objection or file a proper objection.
Appellant’s motion for extension of time did not comply with the requirements of Rule 9.300(a) and did not explain why appellant had failed to either timely serve the initial brief or move for an extension of time. Further, appellant failed to file the initial brief within the 15 day period requested in the motion for extension of time. Therefore, in accordance with Winstead v. Adams, 363 So.2d 807 (Fla. 1st DCA 1978), counsel for appellant, Joe G. Hosner, was ordered to appear before the court and show cause why he should not be held in contempt and punished accordingly for his disregard of the appellate rules and his failure to properly prosecute the appeal. Counsel was also ordered to serve and file the initial brief within 10 days.
The initial brief was not filed within 10 days of the order; however, the day counsel appeared before the court, a notice of voluntary dismissal was filed stating the case had been settled.
We find that the counsel’s failure to properly prosecute this appeal in accordance with the appellate rules warrants the imposition of sanctions. See Fla.R.App.P. 9.410. By publication of this order, Joe G. Hosner, Esquire, is publicly reprimanded for his conduct and warned that any future violation of the appellate rules or failure to obey an order of this court, in this or any other case, may result in a contempt proceeding. Counsel’s name will be added to the list of attorneys who have failed to properly practice before this court. See Mitchell v. State, 433 So.2d 632 (Fla. 1st DCA 1983). Further, due to the manner in which this case has been handled, this court will not accept the notice of voluntary dismissal as filed. Counsel is instructed to file another notice of voluntary dismissal, within 15 days, signed by appellant personally. The notice shall contain a paragraph stating that appellant was given a copy of this opinion to read prior to signing the notice of voluntary dismissal.
IT IS SO ORDERED.
MILLS, BOOTH and SHIVERS, JJ., concur.