ORDER
Upon consideration of the response by appellants’ counsel to our order of March 4, 1985, the court recognizes that illness of counsel may constitute good cause for extending the time in which to file appellants’ brief and accepts as true the statements of John H. McCormick, counsel for appellants, that his illness prevented his timely complying with our order of January 31, 1985. The brief tendered to the court on February 13, 1985, will be accepted as filed, as the state’s motion to dismiss the appeal is denied. The state shall have 30 days from the date hereof in which to file its answer brief.
Appellants’ brief was submitted for filing approximately six months after it was initially due. Counsel has not satisfactorily explained why an appropriate motion for extension of time was not filed before the due date of appellants’ brief or at the time the brief was tendered for filing on February 13, 1985, as required by our order of January 31, 1985. Such serious derelictions cannot be ignored. Appellants should not be penalized for their counsel’s misconduct but sanctions against counsel are appropriate and will be imposed because of counsel’s total disregard for the appellate rules and the order of this court which required a showing of good cause for an extension of time before or at the time the brief was tendered for filing.
Accordingly, it is ordered that John H. McCormick is hereby reprimanded and, further, that he is directed to pay to the state the sum of $300.00 as and for attorney fees incurred by the state because of his noncompliance with the rules of appellate procedure.
Counsel is referred to Winstead v. Adams, 363 So.2d 807 (Fla. 1st DCA 1978), and Mitchell v. State, 433 So.2d 632 (Fla. 1st DCA 1983), and is hereby advised that his name has been placed on this court’s Culpa List.