ON APPELLEE’S PETITION FOR CLARIFICATION
PER CURIAM.
This is an appeal from an order of the circuit court dated April 4 and rendered April 5,1985, entered upon the former husband/appellee’s Motion to Modify Final Judgment of Dissolution. The order transferred the primary physical residence of the parties’ two minor children from the former wife/appellant to appellee. Despite the fact that the order expressed the court’s intent to review the matter in August of 1985, we find that we have jurisdiction pursuant to Rule 9.130(a)(4) of the Florida Rules of Appellate Procedure.
After the filing of a timely notice of appeal, the clerk of the lower tribunal transmitted the record on appeal to this court. Included in the record were the order appealed from, a home study prepared by the Department of Health and Rehabilitative Services at the request of the trial judge, and a report prepared by a clinical psychologist, Dr. Laura Fairfax, on the youngest child. The latter two documents were appended to a Motion for Rehearing filed in the circuit court by appellant.
At approximately the same time that the record was filed in September, the appellant filed a “Motion for Extension of Time Within Which to File Briefs on Appeal and to Consolidate Appeals.” The motion sought to consolidate the appeal from the April 5 order with an appeal that was anticipated that would be filed when the circuit court entered an order on the August hearing. Counsel for appellee did not object to the motion, but the motion was denied without prejudice to renewal when the notice of appeal was filed in the later case. Time for service of the initial brief was extended for 30 days.[1]
On October 25, 1985, the initial brief of appellant was served. Appellee responded with a “Motion to Dismiss or to Strike Appellant’s Brief”, arguing that:
As the proceedings below were not transcribed, counsel for the parties agreed the record of “Evidence or Proceedings” would consist of the “Home Study-dated March 22, 1985” [the HRS study], and the “Findings of Fact in Order on Motion to Modify Final Judgement of Dissolution of Marriage dated April 4, 1985”, as both were attached to Appellant’s “Statement of Evidence or Proceedings” filed herein, certified on the undersigned June 25, 1985; and amended by “Appellee’s Amendments to Evidence or Proceedings”, filed herein, certified on the Appellant July 10, 1985, indicating three (3) items as Appellee’s Amendments. This was to be the entire record of evidence or proceedings upon which the appellant was to base this appeal.
(emphasis in the original). Appellee objected to appellant’s reliance on other matters contained in the record. After a response by appellant which stated that counsel agreed to substitute the HRS study for the transcript (but not for the entire record),[2] this court issued an order on December 17, *30 1985, which advised the parties that the record did not include a statement of evidence or proceedings, and which gave them 15 days to prepare such a statement. Consideration of the motion to dismiss or strike was deferred and was later denied on January 28, 1986, when no statement was filed.
On January 14, 1986, appellant filed a “Notice of Filing Documents with the Clerk of the Trial Court Further Reflecting the Statement of Evidence of Proceedings to Supplement the Record of Appeal.” Appel-lee filed an objection to the filing of documents and a show cause order was issued. When appellant made no response, this court elected to treat the objection as a motion to strike the supplemental record created by appellant’s filing of documents and granted that motion.[3]
On March 5, 1986, counsel for both parties filed a “Stipulated Statement of Evidence or Proceedings”, which includes the April 5, 1985 order, the HRS home study, and “Appellee’s Amendments to Evidence or Proceedings.” This latter document consists of two portions of the home study to which appellee takes exception and a statement concerning the testimony of Dr. Begley at hearing. The statement bore no indication of approval by the circuit court.
Finally, appellee filed a “Petition for Clarification" on April 25, 1986. Appellee contended that the answer brief was not due until 20 days after the filing of an amended initial brief, said amended brief apparently being necessitated, in appellee’s view, by the changes made to the record by the parties. Appellee represented appellant's position to be that the answer brief was due for service 20 days after denial of the motion to strike or after filing of the “Stipulated Statement of Evidence or Proceedings.” A ruling on the petition was briefly deferred by the court to determine if the appellant would avail herself of the opportunity to respond pursuant to Rule 9.300(a) and clarify her position, but she did not. The court then issued an unpublished order which struck the stipulated statement and denied the petition for clarification. Appellee was instructed to serve an answer brief within ten days or, failing that, the court would consider the merits of the appeal without the benefit of an answer brief.
We have two purposes for the recitation of this series of appellate maneuvers by counsel for these parties. The first is to clarify the obvious misconceptions they suffer concerning the construction of a record on appeal. A record, of course, consists of the original documents, exhibits, and the transcript, if available, filed in the lower tribunal with certain exceptions not applicable to this case. See Rule 9.200(a)(1). The parties may direct the inclusion or exclusion of documents through their directions to the clerk. Id. 9.200(a)(2). In this case, the appellant filed directions which instructed the clerk to include relevant pleadings and orders in the record on appeal. While Rule 9.200(a)(3) does provide the parties with an opportunity to use a stipulated statement, such a statement is to be used “in lieu of the record” and is to be transmitted by the clerk of the lower tribunal after preparation and filing below “within the time prescribed for transmittal of the record.” Id. This rule is clearly inapplicable to the instant case where a record has been prepared and transmitted. Counsel apparently have confused and intermingled this provision with Rule 9.200(b)(3), which allows the parties to prepare a statement of what went on in a proceeding that was unrecorded; that is, a statement of who testified to what and what evidentiary rulings were made, matters that would be revealed by a transcript if one were available. The rule also requires that such a statement must be settled and approved by the lower tribunal and transmitted to this court by the clerk. These two provisions of the appellate rules *31 are distinct and their procedures must be carefully adhered to if the parties seek to employ either of them to present a record to this court. Wright v. Wright, 431 So.2d 177 (Fla. 5th DCA 1983). In this case, the parties were apparently attempting to use the HRS home study in lieu of a portion of the transcript but counsel’s failure to comply with the provisions of Rule 9.200(b)(3) resulted in nothing but frustration and delay for the court and the litigants.
Our second purpose for this opinion is to make public what we perceive to be the extremely deficient performance of both attorneys in their handling of this appeal. Their motion practice has resulted in several months delay in the resolution of this appeal and a complete waste of substantial judicial labor. Our frustration with counsel is magnified by the fact that this is a case concerning child custody and we have publicly stated our intention to give expeditious treatment to such matters. Fla.Bar News, Oct. 1, 1985, at 7.[4] Accordingly, the names of both Mr. Lassiter and Mr. Power have been added to this court’s culpa list. See Mitchell v. State, 433 So.2d 632 (Fla. 1st DCA 1983). A copy of this opinion and the file in this matter will be forwarded to the Grievance Committee of the Florida Bar for review. Counsel are instructed to provide a copy of this opinion to their clients in this cause.
BOOTH, C.J., and ERVIN and THOMPSON, JJ., concur.

. The record before us contains no indication that another order was entered.

. There is no suggestion that such an agreement was ever reduced to writing. See Rule 2.060(g) of the Florida Rules of Judicial Administration.

. These documents, which were transmitted to this court as a supplemental record, contained the HRS study and psychological reports, including that of Dr. Fairfax. Appellant also filed a "Notice of Taking Deposition Duces Tecum” of a Dr. Begley, presumably with the intent of supplementing the record with such a deposition. Although our file contains no further activity concerning the doctor's deposition, we point out that the proper forum for making a record is in the trial court prior to the taking of an appeal, not in the appellate court afterwards.

. Although the notice of appeal was filed in this case prior to the formal effective date of the policy, the court is nevertheless shocked by the attorneys’ lackadaisical approach to their responsibilities in handling this appeal.