ORDER IMPOSING SANCTIONS
PER CURIAM.
On July 21, 1988, former husband filed a notice of appeal seeking review of a final order dissolving the marriage of the parties. When the docketing statement filed by appellant indicated this case involved child custody, visitation, and/or support, this court issued its standard order on August 9, which provides that no motions for extension of time will be granted except upon a showing of extreme emergency by movant. Further, counsel for appellant was directed to provide this court with the name of the court reporter responsible for preparing any transcripts of the proceedings.
In response, counsel for appellant transmitted a photocopy of his designation to the court reporter which requested transcription of the entire trial proceedings. The designation was originally served on August 25, and the photocopy was filed with this court on September 26,1988. Appellant also provided the court reporter’s acknowledgment, which showed that the designation was received on September 1, but that satisfactory financial arrangements were not completed until September 22. The reporter agreed to furnish the transcript on or before October 21.
On October 24, this court directed appellant to show cause within ten days why the appeal should not be dismissed and/or other sanctions imposed for failure to timely serve the initial brief. Appellant did not file a response to the show cause order, but on November 8, 1988, filed the initial brief. This court issued a second show cause order on November 21, 1988, directing Mr. Gibney to respond as to why sanctions should not be imposed against him personally for his failure to comply with the orders of this court and the rules of appellate procedure. Counsel’s response to the second show cause order is that he mistakenly sent his response to the first show cause order to the circuit court. A copy of that response was attached, and therein counsel sought to excuse the lateness of the initial brief because it could not be prepared until the transcript was received.
While we agree with counsel that it is impossible to prepare a brief that provides adequate citations to the record without the transcript when a transcript is to be part of the record, it is abundantly clear from the sequence of events described above that the transcript was late not because of any action by the court reporter but because of counsel’s own lack of due diligence. The designation was served 35 days after the filing of the notice of appeal, 25 days late under Rule 9.200(b)(1), Florida Rules of Appellate Procedure. An additional delay of 28 days was created by appellant’s failure to timely make the necessary financial arrangements with the court reporter. In short, a delay of nearly two months in the processing of this appeal is directly attributable to appellant and his counsel. We also note that counsel failed to obtain any extensions of time nor has there been any showing of emergency circumstances in this cause. As counsel for appellant is responsible under Rule 9.200(e) for timely preparation and transmittal of the record on appeal, we deem the performance of L. Jack Gibney such that the imposition of sanctions is appropriate. Accordingly, his name will be placed on this court’s “culpa list.”[1] Further, as these problems arose in a matter selected for expedited treatment because it impacts the *702 welfare of minors,[2] we determine that the order should be published in Southern Reporter, Second Series, as a public reprimand.
It is so ordered.
ERVIN, BOOTH and THOMPSON, JJ., concur.

. See Mitchell v. State, 433 So.2d 632 (Fla. 1st DCA 1983).

. See also Ginder v. Ginder, 531 So.2d 226 (Fla. 1st DCA 1988); Ours v. Ours, 522 So.2d 29 (Fla. 1st DCA 1986).