463 So.2d 511 (1985)
Annie Lou GENTRY, Appellant,
v.
Vernon LeRoy GENTRY, Appellee.
Pernell DRIVER, Appellant,
v.
LAFAYETTE COUNTY, Florida, Appellee.
R.J.P., Jr., Appellant,
v.
STATE of Florida, Appellee.
Nos. AZ-454, BA-279 and AV-500.
District Court of Appeal of Florida, First District.
February 12, 1985.
John R. Weed, Perry, for appellants.
Michael S. Smith, Smith & Smith, P.A., Perry, for appellees Vernon LeRoy Gentry and LaFayette County, Florida.
Jim Smith, Atty. Gen., and James R. Bean, III, Asst. State Atty., for appellee State of Fla.

ORDER IMPOSING SANCTIONS
PER CURIAM.
These proceedings have been consolidated for the purpose of addressing the failure of counsel, John R. Weed, to respond to orders of this court and comply with the Florida Rules of Appellate Procedure. Counsel's name has twice appeared on this court's culpa list,[1]see Mitchell v. State, 433 So.2d 632 (Fla. 1st DCA 1983), in HH-302 (for an unspecified violation) and in AP-136 and AP-137 (for neglect of case, i.e., failure to withdraw).
In AZ-454, appellant's notice of appeal was filed June 11, 1984. Appellant failed to file an initial brief within the time allotted by Rule 9.110(f), Fla.R.App.P., i.e., August 20, 1984. By motion dated October 10, 1984, appellee moved to dismiss the appeal. An order to show cause was issued October 11, 1984. Appellant failed to respond. On November 5, 1984, an order was entered directing appellant to show cause why he should not be held in contempt or sanctions imposed for his failure to file an initial brief or motion for extension and failure to respond to this court's order. Counsel's untimely response to the order to show cause stated that on October *512 8, 1984, his secretary underwent an operation and he was required to devote much of his time to looking after her affairs as her children lived out of state. Since appellant's initial brief was due August 20, 1984, and counsel's response advanced no reason why it was not timely served, we directed counsel to appear personally before the court.
In BA-279, the notice of appeal was filed July 9, 1984. Appellant failed to file an initial brief within the time allotted by Rule 9.110(f), Fla.R.App.P., i.e., September 17, 1984. Appellee moved for dismissal on October 24, 1984. An order to show cause was issued October 26, 1984, directing appellant to respond to the motion to dismiss within 10 days. Counsel failed to timely respond. On November 20, 1984, counsel filed a response indentical to that filed in AZ-454 asserting he had been unable to prosecute this appeal due to his secretary's illness. Counsel requested a 10-day extension in which to file the initial brief.
In AV-500, a juvenile proceeding, a notice of appeal was filed November 8, 1983. As there had been no record activity, this court, sua sponte, entered an order May 11, 1984, directing appellant to show cause why the appeal should not be dismissed for failure to file a brief or record. Appellant filed a response wherein he stated the court reporter who attended the hearing had not filed the notes and transcripts requested by appellant. Counsel further stated that the court administrator for the Third Judicial Circuit was not able to determine which court reporter had been assigned to the case. Finding this response inadequate, we directed counsel to show cause why sanctions should not be imposed for his failure to properly prosecute this appeal. The order further directed counsel to include an appendix to his response including copies of all motions, pleadings or correspondence relating to counsel's efforts to have the record on appeal prepared. Counsel responded by stating he had "done all within his power" to locate the transcript and prosecute this appeal. Counsel's response was accompanied by two affidavits, each of which were undated, unverified and unsigned. The court, finding this response inadequate, directed counsel to appear personally before the court and show cause why he should not be held in contempt or exposed to sanctions for his failure to comply with this court's order and the appellate rules.
We find that neither the written responses nor the oral explanation made to the court constitute good cause for counsel's failure to comply with the appellate rules and the orders of this court. Counsel advanced no further justification for his failure to file timely briefs in AZ-454 and BA-279. Despite the fact that counsel was associated with another attorney and had two other secretaries in his office, no motion for extension of time was ever filed in either of these causes. During his appearance before the court, counsel was asked why he submitted the above-mentioned affidavits which were undated, unverified and unsigned. Counsel stated that one affiant told him she would sign and mail a copy of the affidavit directly to the court (which affidavit was in fact never received). Counsel stated the other affiant had rejected the proffered affidavit and refused to sign it. Nevertheless, counsel forwarded the rejected affidavits to this court as the sole justification for the delay in prosecuting the appeal.
This court will not condone or allow such repeated disregard for the appellate rules and this court's orders. Despite the fact that previous violations of the rules have been brought to counsel's attention, he persisted in ignoring the appellate rules and orders of this court. We do not feel counsel's violations rise to the level of contempt nor do we consider dismissal appropriate. To dismiss the appeals would only serve to penalize the client for shortcomings of counsel. See Winstead v. Adams, 363 So.2d 807 (Fla. 1st DCA 1978). Accordingly, we denied the motions to dismiss in AZ-454 and BA-279 conditioned on counsel's serving the initial briefs within five days. Counsel has complied with this order and these appeals shall proceed accordingly. In AV-500, counsel was allowed *513 seven days in which to serve a copy of a proposed statement of the evidence on opposing counsel and this court, pursuant to Rule 9.200, Fla.R.App.P. Counsel has complied with this order and this appeal shall proceed accordingly.
The publication of this order in the Southern Reporter Second shall serve as counsel's public reprimand. In addition, counsel shall be required to serve a copy of this order on his respective clients. As proof of service, counsel shall be required to execute an affidavit stating that this order was served on his clients and return said affidavit to this court. A copy of this order shall be forwarded to the Florida Bar for whatever action it shall deem appropriate.
IT IS SO ORDERED.
MILLS, SHIVERS and WENTWORTH, JJ., concur.
NOTES
[1] So named for the maxim culpa teneat suos auctores ("misconduct should bind its own authors").