513 So.2d 126 (1987)
THE FLORIDA BAR, Complainant,
v.
John R. WEED, Respondent.
No. 68866.
Supreme Court of Florida.
September 24, 1987.
*127 John F. Harkness, Jr., Executive Director; John T. Berry, Staff Counsel, and Susan V. Bloemendaal, Bar Counsel, Tallahassee, for complainant.
John R. Weed, Perry, in pro. per.
PER CURIAM.
The Florida Bar charged John R. Weed in a five-count complaint with nineteen violations of the Code of Professional Responsibility. A referee found Weed guilty of five of the violations and as punishment ordered a public reprimand and three years supervised probation. The Bar petitions for review of the referee's findings of not guilty with respect to three specific violations as well as the recommended sanctions. Weed petitions for review of the findings of guilt. We have jurisdiction. Art. V, § 15, Fla. Const.

ISSUE 1: GUILT
The referee found Weed not guilty of all charges in counts I and II, and the Bar does not contest those findings. Counts III, IV and V of the Bar's complaint involve similar scenarios. After filing notices of appeal to the First District Court of Appeal in three cases, Weed took no further action until the district court ordered him to appear personally and show cause why the appeals should not be dismissed. The district court allowed all three appeals to go forward, Weed having filed initial briefs under tight, court-ordered deadlines, but did discipline him by ordering a public reprimand. This was published in the Southern Reporter as a consolidated case, Gentry v. Gentry, 463 So.2d 511 (Fla. 1st DCA 1985).
Specifically, count III alleged that Weed did not file a brief in In the Interest of: R.J.P., a Child[1] and responded to the order to show cause by alleging that the court reporter had not filed a transcript. The district court found this reply insufficient and entered another show-cause order, this time relating to why sanctions should not be imposed. Weed then asserted that he could not find the court reporter and supported his position by filing two unsigned affidavits of judicial assistants. At the hearing, one of the assistants testified that she was not sure whether the affidavit had been presented to her but she would not have signed it if it had because she had determined that there was no court reporter at the hearing. The other assistant said that she had declined to sign the affidavit when it was originally presented to her even though its contents were not untrue. The referee found Weed's conduct violative of Disciplinary Rule 1-102(A)(4), conduct of dishonesty, fraud and misrepresentation, but added "said violation may have been unintentional."
Counts IV and V involve essentially identical conduct. In each case, Weed filed a notice of appeal, filed no brief and failed to respond in timely fashion to an order to show cause why the appeal should not be dismissed.[2] Weed's defense in each case was that much of his time (the notices of appeal were filed less than a month apart) was spent tending to the affairs of his secretary, who became ill and had undergone an operation and who ultimately died. The referee found Weed guilty in each case of violating Disciplinary Rule 6-101(A)(3), neglect of a legal matter, and Disciplinary Rule 1-102(A)(1), violation of a disciplinary rule.
With respect to counts III, IV and V, the Bar argues that Weed's behavior was also violative of DR 7-106(C)(7),[3] which proscribes *128 the intentional or habitual violation of a procedural rule. Weed cross-petitions that he should not be found guilty of any misconduct, arguing not insufficiency of evidence but that the Bar lacked jurisdiction to punish him, in that the district court already had done so when it publicly reprimanded him. To punish him again would be akin, Weed says, to double jeopardy.
We may dispose of Weed's cross-petition with dispatch. While it is true that an appellate court may take jurisdiction over a disciplinary matter, rule 3-7.7, Rules of Discipline (formerly article XI, rule 11.14 of the Integration Rule of the Florida Bar), the district court simply referred Weed's case to the Bar for "whatever action it shall deem appropriate." 463 So.2d at 513. The district court merely reprimanded Weed, failing even to find him in contempt. The distinction has been made that this Court has sole jurisdiction to discipline attorneys, but all courts have powers to control them when they become contemptuous or recalcitrant. See Pantori, Inc. v. Stephenson, 384 So.2d 1357 (Fla. 5th DCA 1980). The fact that the same conduct might result in Bar discipline does not involve the principles of double jeopardy or res judicata.
The issue of whether the referee should have found Weed guilty of violating DR 7-106(C)(7) is thornier. The evidence reflects that Weed totally ignored the requirements to prosecute three separate appeals. He did not even seek to obtain an extension of time. The First District Court of Appeal had already disciplined him in 1978 and 1982 for similar conduct. Even if Weed's conduct was not intentional, it was surely habitual. Moreover, Weed's secretary's surgery, which he testified was paramount in his mind for three months, did not occur until after the deadline for filing the briefs had come and gone. The evidence permits no other conclusion than Weed was guilty of violating Disciplinary Rule 7-106(C)(7) as to counts III, IV and V.

ISSUE 2: PUNISHMENT
Both the Integration Rule, in effect at all times pertinent to this litigation, and the new Rules of Discipline distinguish between serious offenses and "minor misconduct."[4] Under either definition of the rule, Weed's violations do not constitute minor misconduct, particularly since he was found guilty of "dishonesty, fraud and misrepresentation."
When deciding what punishment is proper in a bar discipline case, a number of interests are to be balanced. As stated in The Florida Bar v. Pahules, 233 So.2d 130 (Fla. 1970):
First, the judgment must be fair to society, both in terms of protecting the public from unethical conduct and at the same time not denying the public the services of a qualified lawyer as a result of undue harshness in imposing penalty. Second, the judgment must be fair to the respondent, being sufficient to punish a breach of ethics and at the same time encourage reformation and rehabilitation. Third, the judgment must be severe enough to deter others who might be prone or tempted to become involved in like violations.
233 So.2d at 132.
With all due respect to the referee, we do not feel that the sanctions he imposed strike the proper balance. The totality of Weed's misconduct is too severe for a public reprimand. See The Florida Bar v. Welty, 382 So.2d 1220, 1223 (Fla. 1980). Weed already has been publicly reprimanded for these misdeeds by the district court of appeal; what effect one way or the other a second public reprimand would have is questionable. There must be some other sanction.
Weed has been found guilty of three separate instances of misconduct. He was admonished twice before by the district court of appeal for similar conduct. Weed was also privately reprimanded by this Court in 1978 for violating DR 6-101(A)(3). *129 As noted in Florida Bar v. Vernell, 374 So.2d 473, 476 (Fla. 1979), "this Court deals more severely with cumulative misconduct than with isolated misconduct." The minimum sanction for Weed's action should be a sixty-day suspension.
We approve the referee's findings of guilt but we also find Weed guilty of three violations of DR 7-106(C)(7). We alter his recommended sanctions to the extent that John R. Weed is hereby suspended from the practice of law in this state for sixty days. The suspension shall begin thirty days from the date this order becomes final in order to give Weed an opportunity to wind up or pass on any client affairs as necessary. Weed shall accept no new business from the date of this opinion. The probationary terms and conditions imposed by the referee shall remain undisturbed. As the Bar made no mention of costs in its petition and offered no proof of same to the referee, there will be no costs assessed against Weed.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] The First District Court of Appeal eventually affirmed the adjudication of delinquency against Weed's client.
[2] Eventually, the First District Court of Appeal affirmed the circuit court in Gentry v. Gentry, 480 So.2d 157 (Fla. 1st DCA 1985); Driver v. Lafayette County, 463 So.2d 511, ultimately was dismissed.
[3] The rule reads, in pertinent part: "DR 7-106. Trial Conduct... . (C) In appearing in his professional capacity before a tribunal, a lawyer shall not: ... (7) Intentionally or habitually violate any established rule of procedure or of evidence."
[4] Florida Bar Integration Rule Art. XI, Rule 11.04(6)(C)(ii); Florida Bar Rules of Discipline, Rule 3-5.1(b)(1).