PER CURIAM.
This disciplinary proceeding against attorney James T. Golden is before the Court on complaint of The Florida Bar and report of a referee. A petition for review has been filed by Golden. We have jurisdiction pursuant to article V, section 15, Florida Constitution, and we approve the referee’s report.
The Florida Bar charged Golden with neglecting a legal matter entrusted to him and with asserting a position on behalf of his client which he knew or should have known would serve merely to harass or maliciously injure another. The referee found Golden guilty of violating Disciplinary Rule 6-101(A)(3) of the former Code of Professional Responsibility (neglect of a legal matter), but not guilty of violating Disciplinary Rule 7-102(A)(l) (filing suit merely to harass another). The referee recommended that Golden be suspended from the practice of law for a period of three months with automatic reinstatement at the end of the suspension period. He further recommended a probationary period of one year during which time Golden shall report at least quarterly to the Florida Bar on the status of each of his cases.
The referee made the following findings of fact. The plaintiff in a medical malpractice suit retained Golden in late 1981. Golden failed to timely file an amended complaint as requested by the court. After a hearing on the matter, the court admonished Golden to file a second amended complaint in a timely fashion. He failed to do so again, filing the second amended complaint several days late. The fifth district upheld the dismissal of claims against two of the defendants and specifically criticized Golden for disregarding an order of the court. Whack v. Seminole Memorial Hospital, Inc., 456 So.2d 561 (Fla. 5th DCA 1984). On March 22, 1985 Golden filed an appeal of the trial court’s ruling dismissing a third defendant. Three weeks after the brief was due, Golden moved for an extension, which the court granted. Golden, however, then requested and received another extension and eventually submitted a brief. The district court upheld the trial *932 court’s order dismissing the claim, noting that the plaintiff was running out of defendants to take to trial. Whack v. Seminole Memorial Hospital, Inc., 487 So.2d 1091 (Fla. 5th DCA), review denied, 494 So.2d 1154 (Fla.1986).
All lawyers have an obligation to pursue diligently matters they undertake. Rule 4-1.3, Rules Regulating the Fla. Bar. A separate obligation arises to comply with a court order. Failure to do so demonstrates a lack of zealousness or dedication to one’s professional responsibilities. There is competent evidence to support the allegations of dereliction of duty against Golden,* and we approve the referee’s report.
James T. Golden, is hereby suspended for ninety days. He shall be reinstated after suspension upon paying the costs of this proceeding. Upon reinstatement, Golden shall be on probation for a period of one year during which time he shall report at least quarterly to the Florida Bar on the status of each case. So that he may close out his practice in an orderly fashion and protect the interests of his clients, Golden’s suspension will take effect October 24, 1988. Judgment for costs in the amount of $1,331.41 is hereby entered against Golden, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.

 Predictably, Golden filed his brief to this Court more than a month late.