559 So.2d 1094 (1990)
THE FLORIDA BAR, Complainant,
v.
John R. WEED, Respondent.
No. 70948.
Supreme Court of Florida.
March 1, 1990.
Rehearing Denied May 2, 1990.
John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel, and *1095 John V. McCarthy, Bar Counsel, Tallahassee, for complainant.
John R. Weed, Perry, in pro. per.
PER CURIAM.
Weed, a member of The Florida Bar, petitions this Court to review a referee's report recommending that he be found guilty of numerous ethics violations and that he be suspended from the practice of law for three years, among other things. We have jurisdiction pursuant to article V, section 15, Florida Constitution, and approve the referee's report and recommendations.
The bar's four-count complaint charged Weed with several instances of neglecting legal matters, being convicted of failing to file tax returns, and a mixture of assisting and engaging in illegal conduct and neglect.[1] The referee found Weed not guilty on one count of neglect, guilty of some of the charges in the mixed count, and guilty of failure to file tax returns and the other neglect count.[2] In view of those findings and Weed's previous disciplinary history[3] the referee recommends a three-year suspension, among other things.
Weed now claims that the referee erred in allowing the bar to present a witness' testimony before the grievance committee when that witness was present at the referee hearing; that the findings of guilt on two counts are not supported by competent, substantial evidence; that the referee erred in not permitting Weed to present mitigating evidence; that he should have been found guilty of violating some disciplinary rules, but not others; and that the recommended penalty is too severe. We find no merit to any of these contentions.
The witness Weed now complains about testified before the grievance committee. Weed, however, did not attend that hearing and, therefore, did not cross-examine him. At the hearing before the referee this witness, an older man, complained of his age, illness, and loss of memory. Because of his inability to recall past events and facts to which he had previously testified, he could not respond to the bar's questions. The referee allowed the bar to introduce his previous testimony and continued the hearing so that Weed could review that testimony and prepare for cross-examining the witness.
Disciplinary proceedings are neither civil nor criminal, being instead quasi-judicial. The Florida Bar v. Vannier, 498 So.2d 896 (Fla. 1986); State ex rel. The Florida Bar v. Dawson, 111 So.2d 427 (Fla. 1959). A referee is not bound by the technical rules of evidence, Vannier, Dawson, and "there is no right to confront witnesses face to face." Vannier, 498 So.2d at 898. Moreover, even the confrontation clause guarantees only "an opportunity for effective cross-examination, not cross-examination that is effective." Delaware v. Fensterer, 474 U.S. 15, 22, 106 S.Ct. 292, 296, 88 L.Ed.2d 15 (1985). Weed had the opportunity to cross-examine this witness at the grievance committee level. That he chose not to do so does not mean that the testimony could not be used at the referee level when the witness became unavailable due to memory loss. See United States v. Owens, 484 U.S. 554, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988).
*1096 If a referee's findings of fact are supported by competent, substantial evidence, they will be upheld. The Florida Bar v. Della-Donna, no. 69,324 (Fla. June 22, 1989). After reviewing this record, we hold that the referee's findings are amply supported.[4] We therefore approve those findings of fact.
The referee requested that each side file a memorandum regarding aggravation or mitigation of discipline. Weed responded by asking to be allowed to present mitigating evidence after the referee determined his guilt or innocence. Again, Weed chose not to take advantage of an opportunity afforded to him. We find no error in the referee's refusal to accede to Weed's request.
We agree with the bar that the recommended penalty is warranted. Therefore, we hereby suspend Weed from the practice of law for three years. We also approve the referee's additional recommendations that Weed pay costs and take and pass all portions of the bar examination and provide proof of rehabilitation before being reinstated. In order to close out his practice in an orderly fashion and to protect his clients' interests this suspension will begin thirty days from the date this opinion is filed. Weed will accept no new business after that date. Judgment for costs in the amount of $3,827.49 is hereby entered against Weed, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Count I charged neglect of a legal matter dealing with one client's attempt to recover for damages sustained in an automobile accident; count IV also charged neglect when a father hired Weed to appeal his two sons' juvenile vandalism convictions, but Weed did not pursue the appeal; count II alleged that Weed was charged with four misdemeanor counts for willfully and knowingly failing to file income tax returns for 1978-81, that Weed pled guilty to two counts in exchange for dismissal of two counts, and was sentenced to ten months imprisonment and placed on probation for five years; count III claimed that Weed assisted a client in renting out the client's barn to store marijuana and neglected a legal matter in failing to appeal that client's convictions in another drug smuggling scheme.
[2] The referee found Weed not guilty on count I, neglect; guilty on counts II and IV, failure to file tax returns and neglect; and guilty of the neglect portions of count III, mixed count.
[3] Weed has previously received a private reprimand and a 60-day suspension with three years' probation. The Florida Bar v. Weed, 513 So.2d 126 (Fla. 1987).
[4] This includes the referee's finding that Weed's failure to file tax returns amounted to engaging in illegal conduct involving moral turpitude because failure to file such returns does involve moral turpitude. The Florida Bar v. Lord, 433 So.2d 983 (Fla. 1983).