563 So.2d 81 (1990)
THE FLORIDA BAR, Complainant,
v.
James T. GOLDEN, Respondent.
No. 73747.
Supreme Court of Florida.
May 31, 1990.
Rehearing Denied July 26, 1990.
John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and Jan Wichrowski, Bar Counsel, Orlando, for complainant.
Richard T. Earle, Jr. of Earle and Earle, St. Petersburg, for respondent.
PER CURIAM.
In this proceeding we are concerned with whether Golden practiced law while under suspension and, if so, the determination of appropriate discipline therefor. We have jurisdiction. Art. V, § 15, Fla. Const.
On September 22, 1988 this Court suspended Golden from the practice of law for ninety days, beginning October 24, 1988, and until paying the costs of the proceeding. The Florida Bar v. Golden, 530 So.2d 931 (Fla. 1988). We also placed Golden on a one-year probation to begin upon his reinstatement, but, although we usually do so, we put no restrictions on Golden's securing *82 new clients during the thirty-day hiatus between the filing of our opinion and the beginning of his suspension.
On October 16, 1988, prior to the effective date of the suspension, a man contacted Golden about representing him on two separate traffic offenses. Golden agreed to represent him for a fee of $1,800 ($900 per case). The client paid him $600, and Golden drafted and filed two pleadings: a "written plea of not guilty, waiver of personal appearance" for one offense and a request for a continuance" for the other offense. The client signed the pleadings as pro se and, approximately two weeks later, paid Golden an additional $200.
On December 16, 1988 Golden arrived in court with his client, and the presiding judge notified Golden that he was aware of Golden's suspension and asked him to leave the courtroom. The bar thereafter filed a motion for order to show cause why Golden should not be held in contempt for failing to abide by his suspension. Golden contends there is no clear and convincing evidence that he practiced law while suspended. We agree that his practice was minimal, but declare that counselling and attempting to assist his client in requesting two continuances constituted the unauthorized practice of law.[*]
It appears that Golden shut down his office because the client unsuccessfully sought to find him there. There is a dispute in the testimony on whether Golden told the client he had been suspended for ninety days. Golden claimed he did while the client testified otherwise. The referee found that Golden had not notified this client of his suspension. We also note that there is no evidence that Golden furnished his clients with a copy of the order of suspension as required by rule 3-5.1(h), Rules Regulating The Florida Bar.
Although the bar initially requested a ninety-one-day suspension, the referee recommended a one-year suspension due to the seriousness of Golden's failure to abide by his suspension, failure to inform the client of his suspension, failure to refund the $800, lack of remorse, and his lengthy history of past disciplinary actions. The Florida Bar v. Golden, 530 So.2d 931 (Fla. 1988) (ninety-day suspension); The Florida Bar v. Golden, 502 So.2d 891 (Fla. 1987) (ten-day suspension); The Florida Bar v. Golden, 401 So.2d 1340 (Fla. 1981) (public reprimand). The bar, pursuant to action by the board of governors, now seeks disbarment.
We believe the referee's recommendation is appropriate and should be approved. Had Golden's practice been more direct or more substantial, we would agree with the bar. Unfortunately, Golden's actions indicate he may have difficulty in fulfilling his role as an officer of the court, but we do not believe his presently determined malfeasance should cause disbarment.
We therefore approve the referee's findings that Golden violated the terms of his ninety-day suspension. As penalty therefor he is suspended as a member of The Florida Bar for one year and thereafter until he has proved that he is rehabilitated. This suspension is to begin thirty days from the date this opinion is filed, thereby giving Golden time to notify his clients and close out his practice. He shall accept no new business during that thirty-day period. He is enjoined from practicing law until reinstated. Judgment for costs in the amount of $1,271.86 is hereby entered against Golden, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.
SHAW, J., recused.
NOTES
[*] Golden also accompanied his client before another judge for a similar request for continuance, but did not have to assist in any way and was not recognized by the judge as a lawyer.