707 So.2d 331 (1998)
THE FLORIDA BAR, Complainant,
v.
Robert Jerome NESMITH, Respondent.
No. 89239.
Supreme Court of Florida.
February 26, 1998.
*332 John F. Harkness, Jr., Executive Director and John A. Boggs, Staff Counsel, Tallahassee, and Eric M. Turner, Bar Counsel, Orlando, for Complainant.
Robert J. Nesmith, pro se, Orlando, for Respondent.
PER CURIAM.
We have for review the referee's report recommending that Robert Jerome Nesmith receive a public reprimand for a breach of his professional duty. We have jurisdiction. Art. V, § 15, Fla. Const. The Florida Bar seeks review of the referee's recommended discipline and asks that we impose a ninety-one-day suspension rather than the referee's recommendation. For the reasons stated herein, we suspend respondent for thirty days.

FACTS
Christopher Doyle hired respondent to represent him on criminal charges of attempted first-degree murder and possession of a firearm by a convicted felon. Although related, the charges were severed for trial. Doyle was convicted of the attempted murder charge and sentenced to thirty-five years in prison. Respondent filed a notice of appeal on August 3, 1995. Subsequently, Doyle and respondent had a disagreement, and Doyle filed a grievance against respondent with The Florida Bar. As a result of the grievance, respondent moved to withdraw from representing Doyle in the case still pending before the trial court.[1] The court granted the motion. On November 30, 1995, respondent filed a motion to extend the time for filing the initial appellate brief in the attempted murder case. The Fifth District granted the request and extended the filing date to December 29, 1995. On December 29, 1995, respondent filed a second request for an extension of time. The district court granted an extension until January 30, 1996, with the caveat that no more extensions would be granted.
On January 30, 1996, respondent filed a motion to withdraw as Doyle's appellate counsel. As a basis for the motion, respondent claimed that Doyle had filed a grievance against him with the Bar and that Doyle had fired him with specific instructions to take no further action on his appeal. The district court denied the motion on February 13, 1996. On February 26, 1996, respondent filed his third motion for an extension of time. On March 20, 1996, the district court issued an order to show cause why Doyle's appeal should not be dismissed for failure to file an initial brief. Respondent did not respond to the order or file an initial brief. The district court dismissed the appeal on April 10, 1996.
On November 1, 1996, the Bar filed a complaint against respondent alleging that respondent violated rule 4-1.1 for failing to provide competent representation; rule 4-1.3 for failing to act with reasonable diligence and promptness; and rule 4-1.5(a) for entering into an agreement for, charging, or collecting a clearly excessive fee.

REFEREE'S RECOMMENDATION
The referee recommended that respondent be found not guilty of violating rules 4-1.1 *333 and 4-1.5(a) but guilty of violating rule 4-1.3. The referee found that under the circumstances, respondent provided competent representation and that the $2000 that respondent received for his representation was a small amount considering the time expended. However, the referee found that respondent failed to act promptly and diligently when ordered to respond to the order to show cause. The referee then recommended that the respondent receive a public reprimand administered by The Florida Bar Board of Governors. In making this recommendation, the referee considered respondent's age (46), the date respondent was admitted into the bar (June 16, 1989), and the fact that respondent has previously received two public reprimands.[2] The referee also assessed costs against respondent totaling $1,221.96.

ANALYSIS
Neither side appeals the referee's findings of fact or recommendation as to guilt. The Bar appeals only the referee's recommendation of discipline. The Bar argues that the referee's recommendation is not appropriate in light of case law and respondent's prior disciplinary record. As we stated in Florida Bar v. Kravitz, 694 So.2d 725 (Fla.1997):
Our scope of review over disciplinary recommendations is broader than that afforded to findings of fact because it is our responsibility to order the appropriate discipline. We have of course recognized that a referee's recommendation of discipline is to be afforded deference unless the recommendation is clearly erroneous or not supported by the evidence.
Id. at 728 (citation omitted). After reviewing the record in this case, we do not agree with the referee's recommendation that respondent receive a public reprimand. In view of the serious violation for which respondent was found guilty and respondent's history of similar violations for which he received two public reprimands, we find that the referee's recommendation of a public reprimand in this case is clearly erroneous. This Court deals more harshly with cumulative misconduct than it does with isolated acts. Florida Bar v. de la Puente, 658 So.2d 65, 70 (Fla.1995).
In support of its argument for a ninety-one-day suspension, the Bar cites Florida Bar v. Weed, 513 So.2d 126 (Fla.1987), in which the attorney received a sixty-day suspension for failing to diligently prosecute appeals in three different cases. Weed previously had been admonished twice by the appellate court for similar conduct and had a prior private reprimand for neglect. The Bar also cites Florida Bar v. Golden, 530 So.2d 931 (Fla.1988), in which this Court approved a ninety-day suspension for the attorney's failure to pursue a matter in diligent fashion and failure to comply with a court order. Golden had a prior public reprimand and a suspension. The Bar argues that these cases and the instant case are similar because the referees found the attorneys guilty of neglecting clients and of failing to comply with a court's mandate.
However, we find that the cases cited by the Bar are factually different from the instant case. As to Weed, the attorney had been found guilty of three separate instances of misconduct, was admonished twice before by the district court of appeal for similar conduct, and had received a private reprimand. We also find that the instances of neglect, lack of diligence, and conduct prejudicial to the administration of justice constituted more distinct patterns of misconduct in Weed and Golden than did the instance found by the referee in the instant case.
Therefore, it is our conclusion that the appropriate discipline in this case is a thirty-day suspension, which we find appropriately considers the present offense and the cumulative misconduct.

CONCLUSION
Accordingly, we approve the referee's findings of fact and recommendation that respondent be found guilty of violating rule 4-1.3. As a result, respondent is hereby suspended for thirty days. The suspension will be effective thirty days from the filing of this opinion *334 so that respondent can close out his practice and protect the interests of existing clients. If respondent notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Respondent shall accept no new business from the date this opinion is filed until the suspension is completed. We assess against respondent the costs of this proceeding, which the referee found to be $1,221.96, for which sum let execution issue.
It is so ordered.
KOGAN, C.J., OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., and GRIMES, Senior Justice, concur.
NOTES
[1] However, respondent did not move to withdraw as Doyle's appellate counsel at this time.
[2] The prior public reprimands can be found at Florida Bar v. Nesmith, 694 So.2d 740 (Fla.1997) (guilty of neglect); Florida Bar v. Nesmith, 659 So.2d 1090 (Fla.1995) (guilty of, among other things, neglect for allowing a client's civil case to be dismissed).