PIERCE, Judge (Ret.).
In this case appellant Geraldine Neal purports to take an appeal to this Court “to review the Order of the Circuit Court of Pinellas County, Florida, entered February 11th, 1972 . . .”. The “Order” of Feburary 11th referred to recited that the case came on before the Pinellas County Circuit Court “upon the oral motion of the defendant, Hayward Neal, for interpretation of the Order dated December 21, 1971, of . . . the Circuit Court of Walton County, . . . Florida.” It is further stated therein that upon due consideration “it is ordered that the defendant, Hayward Neal, is allowed to purge himself of his contempt by the payment of $60.00”, and “that upon the payment of said $60.00, the defendant, Hayward Neal, is to be released from the custody of the Pinellas County Jail”.
Apparently Neal had been adjudged in contempt of the Walton County Circuit Court. This supposition is further indicated by purported copy of order dated December 21, 1971, entered by Circuit Judge Beasley holding Neal in contempt of Court and sentencing him to serve 60 days in the Walton County jail but providing for his release from custody by payment of $60.00 for “arrears in child support payments”.
Neal’s brief says that the February 11, 1972 order of Pinellas Circuit Judge Beach aforesaid “was obtained in the first instance by Appellee only because the Pinel-las County Sheriff’s Department requested an interpretation of the Walton County Court Order by a Circuit Judge from Pi-nellas County.” Appellant in her brief, referring to said February 11th order, said it “apparently like Cinderella’s Godmother, just appeared one day in Pinellas County without benefit of Complaint, Petition, service, notice, jurisdiction or venue. The Order apparently was filed in the office of the Sheriff of Pinellas County, who honored the Order and released from custody the individual named therein, who was at *83 the time incarcerated by Order of the Circuit Court of Walton County, Florida.”
All this is carrying our current relaxed mode of pleading and procedure just a bit too far. There were no litigants before the Court; there were no issues before the Court; in fact, there was no case even before the Court.
Neither the lower Court nor this Court ever had or acquired jurisdiction of any party or any subject matter.
The purported appeal is therefore
Dismissed.
HOBSON, Acting C. J., concurs.
McNULTY, J., concurs in conclusion only.