McCORD, Acting Chief Judge.
This is an appeal from an order entered by the court upon appellee’s motion that appellant be held in contempt of court. Among other things, the court ordered that within ninety days appellant deposit in the registry of the court the sum of $14,635.75. The deposit was required by the court as security to assure the availability of funds to furnish college educations to the two minor children of the parties when they become ready for college. The final judgment of dissolution of marriage required (pursuant to agreement of the parties) that appellant “shall make a college education available to each of the above named children and agrees to pay for the cost of the education even though incurred after the children obtain the age of twenty-one (21).” The final judgment further stated, “Plaintiff husband agrees to maintain educational policies for the children in order to assure the. education mentioned above.” It developed at the hearing upon which the foregoing order was entered that appellant had allowed insurance policies to lapse for non-payment of premium which policies *65 would have provided such security. The court in the final judgment had ordered that appellant maintain the policies in force.
While we agree that the objective of the trial court’s order requiring the deposit in the registry of the court was proper, a review of the record indicates no evidence which would support a finding that appellant had the ability to raise and deposit such sum within the required time. We, therefore, reverse on this point. Compare Faircloth v. Faircloth, Fla.App.(1st), 321 So.2d 87.
Appellant also contends that the court abused its discretion in not granting appellant’s motion for continuance of the hearing upon which the appealed order was entered. The motion was presented to and heard by the court at the time set for the hearing, 9:00 a. m., January 17, 1975. The stated ground therefor was that appellant’s attorney was engaged in the jury trial of another case which had not been completed in time for him to appear at the hearing in the cause. Under the circumstances with which the trial judge was confronted at that time, we cannot say that he abused his discretion in denying the motion. Appellee was noticed for the January 17, 1975, hearing on December 3, 1974. Appellant, who is himself a practicing attorney, was accompanied to the hearing by the associate of his regular attorney. The trial judge had previously experienced numerous continuances in the case and appellee had made a trip from her home in North Carolina to attend the hearing.
Appellant further contends that it was error for the trial judge to hold the continued hearing in Escambia County in this Okaloosa County case. On a previous motion for continuance of the prior hearing in this matter which had been set for October 24, 1974, (grounded upon appellant being in the hospital) appellant requested that the continued hearing be set in. Oka-loosa County and that any further hearings in the cause be set in Okaloosa County. It has been customary because of crowded court dockets and scheduling problems for busy trial judges to at times hold. some hearings in a case in the county of the judge’s residence in the judicial circuit rather than to prolong the case until the particular judge’s docket will allow him to make a trip to the county of its venue. While this is understandable, a litigant has the right to have his case, even though it is a non-jury case, tried in the county of its venue. The hearing in the case sub ju-dice was for the purpose of trying appellant on a contempt charge which would normally involve the receiving of evidence. In the absence of a waiver, he was entitled to a trial on this charge in the county of the case’s venue.
While we recognize that trial courts have many problems in scheduling trials and hearings because of increased case loads, we suggest that a trial judge should make every effort to initially schedule hearings which would involve the taking of testimony in the county of the case’s venue for the convenience of the parties, attorneys and witnesses unless the parties agree to the hearing being held in another county. This is particularly true when the county of venue is a considerable distance from the residence of the judge to whom the case is assigned. The case could, of course, be reassigned to the resident circuit judge of the county of venue, if such county has a resident judge. Such would avoid the sometimes embarrassing necessity that a lawyer or litigant move that the hearing be reset in the county of venue.
Reversed and remanded for further proceedings not inconsistent herewith.
MILLS and SMITH, JJ., concur.