PER CURIAM.
This disciplinary proceeding by The Florida Bar against W. Paul Thompson is presently before us on complaint of The Florida Bar and Report of Referee, F. B. Estergren. Pursuant to Rule 11.06(9) (b) of the Integration Rule of The Florida Bar, the Referee’s Report and record were duly filed with this Court. No petition for review pursuant to Rule 11.09(1), Integration Rule, has been filed.
As summarized in the Referee’s Report, the charges against Respondent are as follows :
“Count I charges Respondent failed to keep his client, Floyd M. Garrett, properly informed of the progress of two cases in which Respondent was representing the client and failed to give a candid opinion on the merits of the case, of lying, evading and misleading the client. The two actions consisted of actions against different insurance companies to recover on hospitalization policies.
“Count II charges Respondent with failing to answer requests by his client, Stallworth Pine Products Company, for information and documents; failing to file a timely appeal in one case and negligently suffering a dismissal of appeal in a second case for failure to prosecute the appeal in a timely manner.
“Count III of the complaint charges Respondent with improperly representing both parties to the same transaction by drafting a note for one, T. J. Lindsay, in connection with a loan made to Clayton’s Restaurant, Inc., while representing both parties.
“Count IV of the complaint charges Respondent with failing to carry out the lawful objectives of his corporate client, Clayton’s Restaurant, Inc., by depleting Clayton’s Restaurant, Inc.’s financial assets for the benefit of a stockholder to the prejudice of Clayton’s Restaurant Inc.’s creditors and failing to represent the client with fidelity and to account for corporate funds received by Respondent as a corporate officer, of lying and being deceitful in committing acts contrary to honesty and good morals in that Respondent as attorney and president of Clayton’s Restaurant, Inc., permitted foreclosure of its property and failed to pay its creditors by depleting the corporate assets through loans to a corporate stockholder.
“Count V of the complaint charges Respondent with engaging in conduct involving dishonesty, fraud, deceit and misrepresentation in that he falsely represented to a non-client, Mr. and Mrs. Louis W. Ferguson, that he had retained sufficient corporate funds of Clayton’s Restaurant, Inc., to pay its notes and mortgages when, in fact, he was disbursing the corporate funds to one, E. N. Davis, Jr., a corporate officer, in the form of loans and investments.”
The Referee carefully summarized the evidence available on each count and made specific and detailed findings of fact based' thereon. Reference to the Court file in these proceedings will inform in greater detail the factual determination and the evidence on which it is founded. Relying on these conclusions, the Referee made the following recommendations:
“RECOMMENDATION OF GUILT — COUNT I
“It is recommended that the Respondent be found guilty as charged in Count I of the complaint, more specifically that Respondent is guilty of violation of Cannon 21 of the Cannons of Professional Ethics and additional Rule 27 adopted by the Supreme Court in 1955 and Section 11.02(3) (a) of the Integration Rule of The Florida Bar.
*198 “RECOMMENDATION OF GUILT — COUNT II
“It is recommended that the Respondent be found guilty as charged in Count II of the complaint, more specifically that Respondent is guilty of violation of Cannon 21 of the Cannons of Professional Ethics and additional Rule 27 adopted by the Supreme Court in 1955 and Section 11.02(3) (a) of the Integration Rule of The Florida Bar.
“RECOMMENDATION OF GUILT — COUNT III
“It is recommended that Respondent be found guilty under Count III of violation of Old Canon and Professional Ethics, Section 6, although there is some evidence to indicate that T. J. Lindsey and the stockholders and officers of Clayton’s Restaurant, Inc., knew Respondent was representing both parties in the drafting of the T. J. Lindsey note but no clear evidence that they gave their express consent to such representation.
“RECOMMENDATION OF GUILT — COUNT IV
“It is recommended that Respondent be found not guilty of the charges in Count IV of the complaint since the evidence is not persuasive that Respondent was acting as attorney rather than as a corporate officer of Clayton’s Restaurant, Inc., in the disbursement of its funds.
“RECOMMENDATION OF GUILT — COUNT V
“It is recommended that Respondent be found not guilty of the charges in Count V except for violation of Rule 11.02(3) (a) of the Integration Rule of The Florida Bar since the evidence is clear that he lied to the Fergusons who had the right to rely upon his integrity as a member of The Florida Bar, even though they were not his clients, when Respondent told them he had sufficient corporate funds to pay the Doudna second mortgage and Lindsey note at a time when he knew he did not have such funds available.
“RECOMMENDATION OF DISCIPLINE
“It is recommended that Respondent be publicly reprimanded and that he be placed on probation for one year during which he shall report quarterly on the progress of proceedings in all litigation, failing which, he should be suspended from practice for ninety (90) days.”
The foregoing considered, the findings and recommendations of the Referee are approved.
Therefore, it is ordered that Respondent, W. Paul Thompson, be and hereby is publicly reprimanded for the misconduct reported herein. The publication of this order and judgment shall constitute public reprimand. Further, Respondent is hereby placed on probation for one year comménc-ing March 1, 1976, during which time he shall be required to file quarterly reports on the progress of proceedings in all litigation; these reports are to be filed with the Clerk of the Supreme Court of Florida with a copy to the staff counsel of The Florida Bar; the first report shall be filed within ninety days subsequent to March 1, 1976. Should Respondent fail to comply herewith, he shall automatically be suspended from the practice of law for ninety days.
Execution is hereby directed to issue against Respondent for all costs incurred in this cause, including those incurred in the Grievance Committee proceedings.
It is so ordered.
*199 ADKINS, C. J., and ROBERTS, BOYD and HATCHETT, JJ„ concur.
ENGLAND, J., dissents with an opinion with which OVERTON, J., concurs.