432 So.2d 38 (1983)
J. Marshall GIFFORD, Petitioner,
v.
Richard PAYNE, Respondent.
No. 62564.
Supreme Court of Florida.
May 12, 1983.
Talbot D'Alemberte, Thomas R. Julin and Lee Ellen Stapleton of Steel, Hector & Davis, Miami, for petitioner.
Jim Smith, Atty. Gen., and Steven R. Jacob, Asst. Atty. Gen., Miami, for respondent.
OVERTON, Justice.
Petitioner has filed a petition for rehearing and clarification of our order of October 25, 1982, denying his petition for extraordinary relief. Petitioner had requested that this Court exercise its jurisdiction "to vacate that portion of [Judge Payne's] order of August 23, 1982, suspending the petitioner from the practice of law in the Sixteenth Judicial Circuit of Florida." On October 25, 1982, this Court denied the petition for extraordinary relief. After considering the petition for rehearing, we grant the petition and withdraw our October 25 order. We have jurisdiction. Art. V, § 15, Fla. Const. We hold that respondent did impose an unauthorized restriction on petitioner's ability to practice law. We vacate that portion of the order below without prejudice to any subsequent Florida Bar grievance proceeding under Florida Bar Integration Rule, article XI, Rules 11.02-11.13, or judicial disciplinary proceeding under Florida Bar Integration *39 Rule, article XI, Rule 11.14, for his alleged professional misconduct.
The facts are uncontroverted. Petitioner was found in direct criminal contempt of court for engaging in behavior calculated to obstruct the court in the administration of justice and for directly refusing to obey a legal order of the court. Respondent levied a fine against petitioner sufficient to cover the costs incurred when the court was forced to declare a mistrial because of petitioner's action. In addition, the petitioner was ordered to complete twenty hours of approved continuing legal education in criminal law and general trial practice and was restricted from representing clients in criminal cases unless he associated co-counsel, which restriction would continue until petitioner certified his completion of the continuing education credits.
Petitioner contends that respondent essentially suspended him from the practice of law by requiring him to associate co-counsel when undertaking representation in criminal cases. Petitioner argues that this restriction is illegal because the procedures delineated in Rule 11.14 were not followed. In response, the judge asserts that the sanction was properly imposed under the inherent contempt power of courts and that petitioner was not suspended from the practice of law, but was only required to associate co-counsel until he completed his continuing education credits.
In Burns v. Huffstetler, 433 So.2d 964 (Fla. 1983), released simultaneously with this opinion, we clarified the process by which a circuit court may suspend or disbar an attorney from the practice of law. A restriction on an attorney's ability to practice law because of unprofessional conduct may be imposed only in accordance with the procedures delineated in Rules 11.01-11.14.
We find that the fine was properly imposed under the circumstances of this case, but that the procedure used to restrict petitioner in the practice of law was improper. We vacate that portion of the trial court's order with the understanding that appropriate grievance or judicial disciplinary proceedings may be instituted against petitioner in the appropriate forum.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD and McDONALD, JJ., concur.