504 So.2d 541 (1987)
Bonnie L. FERGUSON, Wife, Appellant,
v.
Lyle B. FERGUSON, Husband, Appellee.
Ruth BROWN, Personal Representative of James D. Brown, Estate, Appellant,
v.
James D. BROWN, Estate, Appellee.
Nos. BP-299, BP-329.
District Court of Appeal of Florida, First District.
April 1, 1987.
*542 W. Paul Thompson, DeFuniak Springs, for appellants.
Russell A. Cole, Jr., Bonifay, for appellee in No. BP-299.
Owen N. Powell, Bonifay, for appellee in No. BP-329.

ORDER IMPOSING SANCTIONS
PER CURIAM.
In Ferguson v. Ferguson, case number BP-299, the notice of appeal was filed on September 22, 1986. It appeared to the court that the appeal was one involving child custody or support and on October 3 we issued an order that directed Mr. Thompson, as counsel for appellant, to provide the court with the name of the court reporter involved in preparing the transcript or to provide us with a photocopy of the designations to the reporter Counsel failed to respond to this order.[1] Thereafter, the initial brief was not served within 70 days of the filing of the notice of appeal as required by Rule 9.110(f) of the Florida Rules of Appellate Procedure. On December 11, appellee moved to dismiss this appeal for failure to prosecute and we issued a show cause order. In his response, Thompson stated: "[t]hat appellant was awaiting the transcript of the final hearing, which it [sic] has inadvertently failed to order. That the hearing was short, the transcript will be short, and should therefore be quickly obtained." Appellant is of course required to serve his designation on the court reporter within ten days of the filing of the notice of appeal, see Rule 9.200(b)(1). At the same time that he filed his response, Thompson filed a motion for an extension of time for service of the initial brief that failed to state the position of opposing counsel as required by Rule 9.300(a).
By order of January 12, 1987, this court directed Thompson to personally pay appellee an attorney's fee of $100 and to show cause why further sanctions should not be imposed. Thompson's only response was to serve the initial brief, without obtaining an extension of time or properly responding to the show cause order. Appellee moved to strike the brief or to dismiss the appeal as sanction and we issued yet another show cause order. Thompson replied that his secretary had been ill and promised to serve the initial brief within 20 days, thus demonstrating that he was unaware that an initial brief had already been served almost a month earlier. We note that the issue presented by this appeal is whether the lower tribunal erred when it conducted a hearing in spite of Mr. Thompson's absence due to illness.
In Brown v. Brown, case number BP-329, the notice of appeal was also filed on September 22, 1986. Again, Mr. Thompson as counsel for appellant, failed to properly serve an initial brief within 70 days or request an extension of time. Appellee moved to dismiss and we issued a show cause order; counsel's response again relied on the ill health of his secretary and asked for a 20 day extension of time, but failed to state the position of opposing counsel pursuant to Rule 9.300(a). The initial brief was served, without a proper extension of time, on March 2, 1987.
We ordered counsel to personally appear before the court and explain his deficient performance in prosecuting these two appeals. On consideration of the appellate records as described above and the oral *543 representations of counsel, we have determined to impose sanctions pursuant to Rule 9.410 of the Florida Rules of Appellate Procedure.
Counsel's disregard of the appellate rules and the orders of this court speak for themselves. Additionally, we take judicial notice of published opinions that indicate that these are not isolated instances but part of a long-standing continuing course of conduct on the part of counsel.[2] In his oral presentation before the court, Thompson stressed his reliance on his secretary of 25 years whose attendance at the office has been sporadic since she was injured in a traffic accident approximately one year ago. Counsel admitted, however, that he has been too slow to find a replacement or an assistant for his secretary. Statements by counsel at the hearing also suggest that he has no awareness of his obligations to comply with the appellate rules or Rule 2.060(d) of the Florida Rules of Judicial Administration, which states that the signature of counsel constitutes a certificate that the attorney has read the pleading and that to the best of his knowledge, information and belief there is good ground to support it. Finally, and without pre-judging the merits of the appeals, we are unimpressed with the initial briefs filed by Thompson in these appeals, each of which is four pages in length and each containing citation to only one case authority in arguing that the lower tribunal committed reversible error.[3]
Accordingly, we impose the following sanctions. Counsel for appellant shall personally pay an attorneys' fee of $200 to appellee in each of these two cases (this is in addition to the $100 previously imposed in case number BP-299). Mr. Thompson shall pay the costs of this proceeding[4] and his name will be added to the court's "culpa list", see Mitchell v. State, 433 So.2d 632 (Fla. 1st DCA 1983). Counsel is instructed to serve a copy of this opinion on his clients in these two appeals and sent to this court a certificate of service showing compliance. Publication of this opinion will serve as a public reprimand for the conduct of counsel. Copies of the pertinent documents in these files will be forwarded to the Florida Bar for consideration of additional sanctions.
BOOTH, C.J., and MILLS and THOMPSON, JJ., concur.
NOTES
[1] On January 23, 1987, the designation of case number BP-299 as a "child case" was withdrawn but we find this does not excuse counsel's failure to promptly respond to the order of October 3.
[2] See The Florida Bar; In re W. Paul Thompson, 328 So.2d 196 (Fla. 1976). See also Hightower v. Berry, 490 So.2d 1029 (Fla. 1st DCA 1986); Ward v. State, 470 So.2d 100 (Fla. 1st DCA), review denied, 480 So.2d 1296 (Fla. 1985); Harrison v. Griffin, 443 So.2d 499 (Fla. 1st DCA 1984); Taylor v. Taylor, 325 So.2d 63 (Fla. 1st DCA 1976); Burrell Drilling Co. v. Meredith Corp., 306 So.2d 139 (Fla. 4th DCA), cert. denied, 315 So.2d 472 (Fla. 1975); Neal v. Neal, 276 So.2d 82 (Fla. 2d DCA 1973); Nethery v. Nethery, 212 So.2d 10 (Fla. 1st DCA 1968).
[3] The issue in case number BP-329 is whether the trial court erred in finding that recordation of a deed and giving the deed to decedent's wife with instructions to deliver it after death was an effective delivery.
[4] The hearing was recorded and the court reporter has been directed by the court to send her statement directly to Mr. Thompson, who is hereby directed to promptly pay the amount reflected thereon. A statement of any additional costs will be transmitted to Mr. Thompson by the clerk of this court.