523 So.2d 1245 (1988)
Eleanor McCLAIN, Appellant,
v.
FLORIDA POWER & LIGHT COMPANY, Appellee.
No. BT-72.
District Court of Appeal of Florida, First District.
April 26, 1988.
W. Paul Thompson, DeFuniak Springs, for appellant.
J. Ernest Collins, Panama City, for appellee.
PER CURIAM.
This case is before us on appellant's responses to orders to show cause why this appeal should not be dismissed for failure to timely prosecute. Because of the continued failure of appellate counsel, Mr. W. Paul Thompson, to timely prosecute, this appeal is dismissed.
The notice of appeal was filed on April 8, 1987. On May 6, 1987, this court received a certification from the deputy commissioner pursuant to Florida Workers' Compensation Rule 4.180(e). In accordance with the rule, the certificate stated that appellant had been notified of the amount of deposit required for preparation of the record and had failed to submit the deposit. Accordingly, appellant was ordered to show cause within 10 days why the appeal should not be dismissed.
In response to this first show cause order, counsel explained that appellant was having difficulty raising the money for the payment, and requested a 30 day extension of time. Appellee then moved to dismiss, *1246 pointing out appellant's failure to timely seek an extension of time, and arguing that the response was insufficient.
On June 11, 1987, the motion to dismiss was denied in an order permitting appellant 30 days to either submit the deposit or file an application to proceed without payment of costs. The order further warned that failure to comply could result in dismissal. On July 15, 1987, this court received a check for the deposit, accompanied by a letter from Mr. Thompson. This check was returned to Mr. Thompson's office pursuant to Florida Rule of Workers' Compensation Procedure 4.180(e) which requires that the deposit be filed with the deputy commissioner, not this court. Forty days after the June 11 order, this court received a second certification from the deputy commissioner that the deposit had not been made, and no application to be relieved of costs had been filed.
On July 31, 1987, counsel for appellant was ordered to appear in person on August 13, 1987, to show cause why the appeal should not be dismissed for failure to comply with the June 11 order. On August 12, 1987, counsel's request for a continuance was granted, and the hearing was eventually held on September 24, 1987, before a three judge panel. Mr. Thompson was ten minutes late for the hearing, and while acknowledging his derelictions, he offered no plausible excuse for them. He did, however, opine that the problems and delays were insignificant. At the time of the hearing, it was not clear whether the deputy commissioner had yet received the check for payment of costs. As a result of the hearing, Mr. Thompson was ordered to pay a $750 attorney fee to opposing counsel, and a copy of the order setting out the foregoing chronology, was sent to the Florida Bar Grievance Committee.
The completed appellate record was transmitted to this court on October 28, 1987. The record included a certificate of service, signed by the Deputy Commissioner's assistant, showing that on the same day, a copy had been sent to Mr. Thompson.
Thereafter, this case remained dormant for three and a half months until it appeared on this court's list of inactive cases. At that point, the clerk of this court entered a routine sua sponte order directing appellant to show cause why the appeal should not be dismissed for failure to file the initial brief. The response consisted of the following:
Comes now the appellant/petitioner, by her undersigned attorney, and for response to the Order to Show Cause heretofore entered herein would respectfully show the Court:
1. That the check for Record on Appeal was originally erroneously sent, but was subsequently sent to Juanita Lombardy, in accordance with instructions from the Office of Deputy Commissioner Michael J. DeMarko, on August 20, 1987. Appellant has yet to receive the Record on Appeal.
Appellee then moved to dismiss, suggesting that appellant's reference to the check for the record, was "moot" as that matter had been fully disposed of by this Court's prior order. Appellee also pointed out that the response did not request an extension of time to file the initial brief. In addition, that response did not inform the court of any steps being taken by counsel for appellant to locate the record.
Another order was entered by this court directing appellant to show cause why the motion to dismiss should not be granted. We received the following response:
Comes now the Appellant, by her undersigned attorney, and for response to the order to show cause heretofore filed herein would respectfully show the Court:
1. That apparently the Record on Appeal in the above styled cause was received at the same time as a massive record in a case from the United States District Court, and was inadvertently filed with said record. That attorney for Appellant was not aware that the record had been received until a search was made, following a call from the office of Michael J. De Marko, Deputy Commissioner, and the record located within the *1247 past week. If the Court will allow, Appellant will file her brief within thirty days of the date of this pleading.
It is clear from the response to the sua sponte order that in spite of the fact that counsel had already been subjected to sanctions for this handling of this case, and in spite of this court's referral of counsel to the grievance committee, counsel had taken no steps to ensure that the case proceeded in a timely manner thereafter. It is also clear that in spite of the previous problems, counsel made no investigation of the status of the case when he received the sua sponte order to show cause. If counsel had picked up a telephone and contacted either the clerk of this court, or the deputy commissioner's office, he would have learned that the record had been prepared and transmitted months before. Instead, counsel merely filed a nonsensical response. The failure of that response to include any assurance that the matter would be pursued by counsel as well as the failure to then, at least, request an extension of time, indicates a complete lack of concern for the circumstances.
The response to appellee's motion to dismiss contains a modicum of an explanation. However, counsel does not explain why or how the case escaped his attention for so long in spite of the earlier proceedings which resulted in a hearing before a panel of this court and an order imposing sanctions. Those proceedings were intended to impress upon counsel the need to meet minimum standards of professionalism when appearing in this court. Apparently, the earlier proceedings in this case failed to make such an impression on Mr. Thompson.
On many occasions in the past, Mr. Thompson's derelictions have taken the time and resources of this court to oversee a case which he has neglected. See e.g. Ferguson v. Ferguson, 504 So.2d 541 (Fla. 1st DCA 1987)[1], and cases cited therein. In view of the circumstances of this case, as well as our previous experience with Mr. Thompson, we have come to the conclusion that there is little, if anything left to do in hopes of impressing upon him the need for competent and conscientious representation of the public when appearing in this court. Generally, this court is reluctant to punish the client for the attorney's malfeasance. See Winstead v. Adams, 363 So.2d 807 (Fla. 1st DCA 1983). However, since Mr. Thompson refuses to abide by the time limits of the Florida Rules of Appellate Procedure, and neither reprimands nor monetary sanctions lead to any noticeable improvement in counsel's performance, we find that dismissal of this case is appropriate, leaving to appellant the option of filing a suit for attorney malpractice.
A copy of this opinion will be provided to appellant individually, as well as to the Florida Bar Grievance Committee for inclusion in its file on Mr. Thompson, and for consideration of additional sanctions.
This appeal stands DISMISSED.
ERVIN, BOOTH and THOMPSON, JJ., concur.
NOTES
[1] Ferguson is a published opinion in which sanctions, similar to those previously imposed in this case, were imposed on Mr. Thompson in two separate cases.