550 So.2d 141 (1989)
James H. LEE, Appellant,
v.
SUMMIT HOME INSURANCE COMPANY, Appellee.
No. 89-597.
District Court of Appeal of Florida, First District.
October 11, 1989.
W. Paul Thompson, Defuniak Springs, for appellant.
T. Harrison Duke, Pensacola, for appellee.

ORDER IMPOSING SANCTIONS
PER CURIAM.
The notice of appeal was filed in this cause on March 2, 1989, and a single volume record on appeal was filed on April 17. Pursuant to Rule 9.110(f), Florida Rules of Appellate Procedure, the initial brief was due to be served on or before May 11, 1989. However, no further activity took place until mid-July, when appellee moved to dismiss the cause for appellant's failure to timely serve an initial brief. In response to an order to show cause, appellant stated:
That as a result of work overload and the case load and illnesses of the secretarial staff, the time for filing was overlooked and appellant respectfully requests a 30-day extension.
This court denied the motion to dismiss and granted appellant the requested extension of time. Additionally, counsel for appellant was directed to show cause by written response within ten days why sanctions should not be imposed against him. Although the initial brief has been filed, we have received no response to the show cause order on sanctions.
This court's continuing problems with the performance of W. Paul Thompson as appellate counsel have been well-documented in published opinions imposing sanctions. See McClain v. Florida Power & Light Co., 523 So.2d 1245 (Fla. 1st DCA 1988); Ferguson v. Ferguson, 504 So.2d 541 (Fla. 1st DCA 1987). His failure to either timely serve an initial brief or seek an extension of time at or before the time the brief was due is a clear breach of Rules 9.110(f) and 9.300, Florida Rules of Appellate *142 Procedure, and we find the imposition of sanctions is appropriate under the circumstances. Accordingly, the publication of this opinion in the Southern Reporter, Second Series, shall serve as a public reprimand and a copy of the opinion will be furnished to the Florida Bar Grievance Committee for consideration of additional sanctions.
SMITH, THOMPSON and MINER, JJ., concur.