559 So.2d 708 (1990)
Haley PIPPIN, Appellant,
v.
STATE of Florida, Appellee.
James H. LEE, Appellant,
v.
SUMMIT HOME INSURANCE COMPANY, Appellee.
Derward OWENS, Appellant,
v.
STATE of Florida, Appellee.
Eugene MONSON, Appellant,
v.
STATE of Florida, Appellee.
Mary Lou DYKES, Appellant,
v.
Jerry Wayne SHULER, Appellee.
Susie Mae PORTER, Appellant,
v.
MARINE BAY RESORT CONDOMINIUM ASSOCIATION, INC., Appellee.
Nos. 88-2833, 89-597, 89-880, 89-913, 89-1919 and 89-2753.
District Court of Appeal of Florida, First District.
April 11, 1990.
*709 W. Paul Thompson, Defuniak Springs, for appellants.
Robert A. Butterworth, Atty. Gen., and James Rogers, Asst. Atty. Gen., Tallahassee, for State.
T. Harrison Duke, Pensacola, for Summit Home Ins. Co.
Gordon G. Cherr, Tallahassee, for Shuler.
Thomas E. Wheeler, Pensacola, for Marine Bay Resort Condominium Ass'n, Inc.

OPINION AND ORDER IMPOSING SANCTIONS
PER CURIAM.
These cases have been consolidated for the purpose of imposing sanctions against W. Paul Thompson, counsel for appellants. In each case, counsel was ordered to show cause why sanctions should not be imposed for his failure to obey the rules and orders of this court. Because counsel for appellants has failed to demonstrate he can practice law in this court without constant supervision, we have elected to impose sanctions.
In Lee v. Summit Home Insurance Company, case number 89-597, the notice of appeal was filed on March 2, 1989, and a single volume record on appeal was filed on April 17. When appellant failed to file the initial brief within the time required by Rule 9.110(f), Florida Rules of Appellate Procedure, appellee moved to dismiss on July 19, 1989. In response to a show cause order, counsel for appellant stated "that as a result of a work overload and the case load and illnesses of the secretarial staff," the time for filing the initial brief was overlooked. Counsel requested a 30 day extension of time to serve the initial brief. This court denied the motion to dismiss and granted appellant the requested extension of time. Additionally, counsel for appellant was directed to show cause by written response why sanctions should not be imposed against him. Counsel failed to file a response and he was publicly reprimanded for his performance in this case. See, Lee v. Summit Home Insurance Co., 550 So.2d 141 (Fla. 1st DCA 1989).
Appellant ultimately filed the initial brief and, upon review, we determined the brief failed to comply with the Florida Rules of Appellate Procedure. The statement of the case and facts combined is one page in length; the argument section is also one page. Appellant was then directed to show cause why the brief should not be stricken as inadequate. His response was the brief is adequate to address the one issue he has argued on appeal. From a cursory consideration of the case in context, we disagree and strike the initial brief.
In Owens v. State, case number 89-880, the notice of appeal was filed on April 3, 1989, and a five volume record was filed on July 17. When the appellant failed to file the initial brief within the time allowed by Rule 9.110(f), on November 11, 1989, this court issued an order to show cause why the appeal should not be dismissed. Appellant then filed a motion for extension of time stating that the court reporter "might transcribe motions hearings which were apparently overlooked." Appellant stated it was "necessary that this motion [sic] be transcribed." On December 29, 1989, this court granted the motion for extension of time. Counsel for appellant was directed to ensure completion of the record within 10 days and serve the initial brief within 10 days thereafter. Counsel was directed to show cause by written response why sanctions should not be imposed against him. Counsel has not filed a supplemental record nor has he served the initial brief. Additionally, *710 counsel did not respond to the order to show cause concerning sanctions.
In Dykes v. Shuler, case number 89-1919, the notice of appeal was filed on July 13, 1989, and a one volume record was received on September 18. When appellant failed to serve the initial brief, a show cause order issued on January 30, 1990, as to why the appeal should not be dismissed. By response dated February 6, 1990, counsel for appellant states that the notice of appeal was filed "during a period when there was a great deal of disorganization in [his] office. There was at that time no way to determine the due dates of documents except through a system which turned out to be a total failure." Appellant also filed a "motion for leave to file out of time" which requested a 30 day extension in which to serve the initial brief. To date, counsel has not yet filed the initial brief.
In Porter v. Marina Bay Resort Condominium Association, Inc., case number 89-2753, appellant failed to file the record within the time allowed by the rules. When a show cause order issued, appellant responded stating that when he filed the initial brief, he assumed the record had been filed. Not until this court issued a show cause order did he discover the record had not been filed. The record was subsequently filed January 29, 1990. We have reviewed the initial brief filed by appellant and once again determine that it fails to comply with the Florida Rules of Appellate Procedure. The combined statement of the case and facts is again one page in length, as is the argument section. Additionally, a reading of the statement of the case and facts fails to reflect the nature of the case. Therefore, the initial brief is stricken.
In Monson v. State, case number 89-913, the notice of appeal was filed on April 3, 1989. There were delays caused by the court reporter, but the record on appeal was filed on July 3, 1989. When appellant failed to file the initial brief within the time allowed by Rule 9.110(f), on November 17, 1989, this court issued an order to show cause why the appeal should not be dismissed. Appellant responded and stated "the secretary for appellant's counsel had been ill and had illnesses in the family and due to the large number of briefs due was unable to complete the initial brief within the time necessary." By order dated December 12, 1989, appellant was directed to serve the initial brief within ten days of the date of the order. Appellant failed to so comply and did not, in fact, serve the initial brief until January 4, 1990. We have reviewed the brief and find it fails to comply with the Florida Rules of Appellate Procedure. The statement of the case and facts combined consists of one page, inadequate in context, as is the one page argument. Therefore, the initial brief is stricken.
In Pippin v. State, case number 88-2833, the notice of appeal was filed on November 7, 1988, and the record received June 8, 1989. The appellant failed to file the initial brief, and on November 17, 1989, appellant was directed to show cause why the appeal should not be dismissed. Appellant responded, again citing to the health problems of his secretary and the large number of briefs he had to file. The appellant in this case was convicted of capital sexual battery and sentenced to a life term with a 25 year minimum mandatory. Appellant tendered a six page brief which was stricken as inadequate by a previous unpublished order of this court.
Because of his continual failure to obey the rules and orders of this court, counsel for appellant was ordered to appear before this court in person to show cause why sanctions should not be imposed against him for his performance in Monson v. State and Pippin v. State. Counsel was directed to bring with him records to identify by name, court, and case number, the cases which he was handling. Because counsel frequently cited his secretary's health problems as a reason for his failure to timely prosecute his appeals in this court, counsel was also directed to bring employment and medical records to substantiate the date of his secretary's absences from his office. In the remaining cases, counsel was directed to show cause by written response why he should not be sanctioned.
*711 Counsel appeared before this court and continued to point to the health problems of his secretarial staff to excuse his failure to timely prosecute these appeals. Counsel suggested his new computer would end his problems. Because of counsel's dismal performance record before this court, we are not persuaded that a computer will solve counsel's problems, but rather will only provide him with a new excuse as to why he cannot meet the deadlines of this court. There are questions of competence raised by counsel's performance which cannot be solved by a computer program.
This court's continuing problems with the performance of W. Paul Thompson as appellate counsel have been well-documented in published opinions imposing sanctions. See, Lee v. Summit Home Ins. Co., 550 So.2d 141 (Fla. 1st DCA 1989); McClain v. Florida Power & Light Co., 523 So.2d 1245 (Fla. 1st DCA 1988); Ferguson v. Ferguson, 504 So.2d 541 (Fla. 1st DCA 1987). Mr. Thompson's continual failure to obey the Florida Rules of Appellate Procedure places a heavy burden on this court to monitor his cases. Had we the power to suspend him from the practice of law before this court, we would do so. The Florida Supreme Court has, however, made it clear that we cannot restrict an attorney's practice of law. See, Gifford v. Payne, 432 So.2d 38 (Fla. 1983). We have referred Mr. Thompson to the Florida Bar on numerous occasions for consideration of disciplinary actions, but he continues to practice before this court.
Now, therefore, it is ordered:
1. W. Paul Thompson is required, until further order of this court, to immediately associate with co-counsel in all cases pending before this court, and in all future cases. We note that W. Paul Thompson agreed to this condition in open court when he appeared in response to our show cause orders. Co-counsel shall file with the clerk of this court a notice of appearance in all pending cases within 30 days. All papers and briefs filed must be signed by co-counsel or they will be stricken by the court.
2. The initial briefs are stricken as inadequate in the following cases: Lee v. Summit Home Insurance Company, case number 89-597, Porter v. Marina Bay Resort Condominium Association, case number 89-2753 and Monson v. State, case number 89-913. Appellants shall serve the amended initial briefs within 30 days, which comply with the Florida Rules of Appellate Procedure. The briefs shall contain adequate statements of the case and facts and arguments in support of the issues on appeal, citation to appropriate authority, and shall be signed by co-counsel.
3. Appellants shall serve the initial briefs within 30 days in the following cases: Owens v. State, case number 89-880 and Dykes v. Shuler, case number 89-1919. The briefs shall also be signed by co-counsel.
4. Generally, this court is reluctant to punish a client for the malfeasance of counsel. See, Winstead v. Adams, 363 So.2d 807 (Fla. 1st DCA 1983). However, this court has expended excessive time and judicial resources upon these cases because of Mr. Thompson's refusal to abide by the requirements and time limits of the Florida Rules of Appellate Procedure. We will not waste further judicial resources on this matter. Therefore, we serve notice that the failure of W. Paul Thompson to comply with the terms of this order may result in dismissal of these cases without further notice.
5. W. Paul Thompson is directed to serve a copy of this opinion on each appellant individually and file with this court within ten days a certificate of service which so states. The publication of this opinion in the Southern Reporter, Second Series, shall serve as a public reprimand imposed against Mr. Thompson, the fourth such reprimand imposed by this court.
By copy of this opinion, we once again refer to the Florida Bar Grievance Committee the matter of Thompson's seeming inability to practice appellate law up to even a minimum level of acceptability. Whether this condition results from incompetence, indifference, persistent and lingering misfortune or some combination of these *712 factors, it behooves those charged with monitoring and maintaining standards of attorney conduct and performance to resolve the matter with expedition. The reputation of an ancient and honorable profession demands such; those who avail themselves of the service provided by that profession deserve such.
WENTWORTH, ZEHMER and MINER, JJ., concur.