PER CURIAM.
Once again this court is required to consider imposing sanctions against W. Paul Thompson for his failure to obey the rules and orders of this court. Mr. Thompson’s record of practice in this court continues to fail to meet even minimal standards. See, Pippin v. State, 559 So.2d 708 (Fla. 1st DCA 1990); Lee v. Summit Home Ins. Co., 550 So.2d 141 (Fla. 1st DCA 1989); McClain v. Florida Power & Light Co., 523 So.2d 1245 (Fla. 1st DCA 1988); Ferguson v. Ferguson, 504 So.2d 541 (Fla. 1st DCA 1987).
The notice of appeal in this case was filed August 21, 1989, and represented that review was sought of a verdict and sentence rendered by the trial court, which suggests this is a direct appeal of a criminal conviction. No record was filed and on October 31, 1989, this court directed appellant to show cause why the appeal should not be dismissed. No response was filed. Because this court is familiar with Paul Thompson’s failure to comply with the Florida Rules of Appellate Procedure, by order dated January 30, 1990, appellant was granted 30 days to retain new counsel, if desired, and to prosecute this appeal. Paul Thompson was directed to show cause why sanctions should not be imposed against him pursuant to Rule 9.410, Florida Rules of Appellate Procedure. No response was filed by either counsel or appellant.
Accordingly, this appeal shall stand dismissed for appellant’s failure to file the record, serve the initial brief or respond to this court’s show cause order. Rule 9.410. Once again we elect to impose sanctions against counsel for appellant. We have recently placed restrictions on Paul Thompson’s practice in this court and we reaffirm those restrictions. See, Pippin v. State, 559 So.2d 708 (Fla. 1st DCA 1990). Counsel is instructed to serve a copy of this opinion on his client and send to this court a certificate of service showing compliance. Publication of this opinion in the Southern Second Reporter will serve as a reprimand of Paul Thompson for his conduct in this case, the fifth such public reprimand imposed upon him by this court. A copy of this opinion will be provided to the Florida Bar Grievance Committee for consideration of additional sanctions.
WENTWORTH, ZEHMER and MINER, JJ., concur.