OPINION AND ORDER ON CONTEMPT
PER CURIAM.
Once again W. Paul Thompson has been ordered to show cause why he should not be sanctioned for his failure to obey the rules and orders of this court. This court has previously sanctioned W. Paul Thompson, counsel for appellants, by published order on at least four occasions.[1]
Counsel was most recently before this court in Pippin v. State, 559 So.2d 708 (Fla. 1st DCA 1990). Pippin consolidated six cases for purposes of imposing sanctions against counsel. In Pippin, counsel was directed to secure the appearance of co-counsel in all pending cases in this court. All papers and briefs filed were ordered to contain the signature of co-counsel. Three initial briefs were stricken as inadequate and amended briefs were ordered. Two other briefs were long overdue and counsel was directed to serve those briefs within 30 days. Counsel was also directed to serve a copy of this court’s opinion on each appellant individually and to file certificates of service which so stated. Finally, counsel was warned that the failure to comply with the terms of the court’s order might result in dismissal of each ease without further notice. Counsel has totally failed to comply with this court’s order in Pippin. A show cause order issued to Mr. Thompson in each case, directing him to show cause why he should not be held in contempt for his failure to comply with the rules and orders of this court. Counsel was again directed to serve a copy of the Pippin opinion on each appellant and to file certificates of service. Counsel has not responded to this court’s show cause order.
Although counsel has not responded to the show cause orders, two appellants did file a response. In Pippin v. State, Case No. 88 — 2833, the appellant has moved to dismiss his appeal, showing that he wishes to pursue post conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure. In Owens v. State, 89-880, appellant has filed a motion requesting that substitute counsel be allowed to appear and that a briefing schedule be set. Appellant was unaware that his appeal was being neglected and only recently learned about this court’s opinion on sanctions in Pippin. No other responses have been filed.
Mr. Thompson has consistently failed to comply with the time limitations set out in the Florida Rules of Appellate Procedure. Only upon the issuance of an order to show cause does Mr. Thompson tender a brief and then its contents are totally inadequate to apprise the court of the nature of the proceedings below and any error alleged to have occurred. Mr. Thompson has persistently failed to protect the interests of his clients in this court. He has ignored the *992 warnings and reprimands issued by this court. He has completely failed to comply with the terms of the order in Pippin and he has failed to respond to the six show cause orders which issued on August 15, 1990.
Now, therefore, it is ordered:
1. W. Paul Thompson is found to be in contempt of this court for failing to comply with the terms of the order in Pippin. He shall be fined in the amount of $2500 per case, totaling $15,000 in fines. The fines herein imposed shall be paid by certified or cashier’s check made payable to the Clerk of this Court within 30 days from the date of this order and upon receipt shall be remitted to the Comptroller of this State.
2. For the third time, W. Paul Thompson is directed to serve a copy of our April 11, 1990, opinion in Pippin upon each appellant individually and file certificates of service within ten days which so state.
3. W. Paul Thompson shall not be permitted to appear in this court in these or any other cases until he has purged himself of his persistent and terminal contempt by paying the fines herein imposed and demonstrating compliance with this court’s pri- or order in Pippin. The Clerk of this Court is directed not to accept for filing any suit papers signed by W. Paul Thompson until he has purged himself of contempt and shall return any such papers received forthwith.
4. Upon appellant’s motion, the direct appeal in Pippin v. State, # 88-2833, shall be dismissed to allow the appellant to seek post conviction relief pursuant to Rule 3.850.
5. Upon appellant’s motion, James P. Judkins shall be allowed to substitute as counsel for appellant in Owens v. State, 89-880. Appellant shall serve the initial brief within 30 days, with leave for counsel to seek an extension of time upon the showing of good cause.
6. The remaining appeals, Lee v. Summit Home Ins. Co., Case No. 89-597, Mon-son v. State, Case No. 89-913, Dykes v. Shuler, Case No. 89-1919, and Porter v. Marina Bay Resort Condo. Ass’n., Inc., Case No. 89-2753, are dismissed for the failure of counsel to serve the initial briefs or obey the rules and orders of this court. Winstead v. Adams, 363 So.2d 807 (Fla. 1st DCA 1978). This dismissal is without prejudice to secure substitute counsel and move to reinstate within 30 days.
By copy of this opinion we once again refer to the Florida Bar Grievance Committee the matter of Mr. Thompson’s failure to practice appellate law at a minimum level of competence. This court has been unable to impress upon Mr. Thompson the need to protect his clients’ interests and to obey the rules and orders of this court. Finite judicial resources have been expended in this effort and still we have had to dismiss these appeals, which ultimately punish the client for the malfeasance of counsel, W. Paul Thompson.
IT IS SO ORDERED.
WENTWORTH, ZEHMER and MINER, JJ., concur.

. See, Pippin v. State, 559 So.2d 708 (Fla. 1st DCA 1990); Lee v. Summit Home Ins. Co., 550 So.2d 141 (Fla. 1st DCA 1989); McClain v. Florida Power & Light Co., 523 So.2d 1245 (Fla. 1st DCA 1988); and Ferguson v. Ferguson, 504 So.2d 541 (Fla. 1st DCA 1987).