579 So.2d 311 (1991)
Derward OWENS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-880.
District Court of Appeal of Florida, First District.
May 8, 1991.
*312 James Judkins of Judkins & Simpson, P.A., Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradley Bischoff, Asst. Atty. Gen., for appellee.
PER CURIAM.
On the court's own motion we dismiss this appeal for lack of jurisdiction.
Appellant was convicted by a jury of petit theft, grand theft and "official misconduct" in violation of section 839.25, Florida Statutes.[1] At the sentencing hearing Judge Wells announced he was adjudicating appellant guilty of all three counts. Judge Wells then announced a sentence of probation including, as one of the conditions, a period of incarceration. Although the court set an appeal bond of $5,000.00, the bond was not conditioned on appellant filing a notice of appeal. A probation officer present in the courtroom at sentencing asked the judge, "[H]ow does [the appeal bond] affect us so far as doing the paper work and supervising the case?" The judge replied, "You won't supervise pending [the appeal]. The probation will start when the mandate is issued from the appellate court."
Appellant filed a notice of appeal. As part of this court's review of the record it was discovered there was no copy of a written judgment and sentence in the record. We ordered appellant to supplement the record with a copy of the judgment and sentence. Fla.R.App.P. 9.200(f)(2) (If the court finds the record is incomplete, it shall direct a party to supply the omitted parts of the record). Appellant has responded and states there is no written judgment and sentence. Moreover, Judge Wells is now deceased. Appellant suggests that because there is a transcript of the sentencing and because the clerk's minutes clearly reflect the sentence received, we should proceed with the appeal.[2] We decline to do so.
Without a signed written order the threshold requirement for an appeal cannot be met because without the written signed order there is nothing to appeal. State v. Smith, 557 So.2d 904 (Fla. 1st DCA 1990); State v. Phillips, 507 So.2d 1170 (Fla. 1st DCA 1987); Rivera v. State, 485 So.2d 17 (Fla. 3d DCA 1986); Belmont v. State, 370 So.2d 1173, 1174 (Fla. 1st DCA 1979); Phillips v. Albertson's, Inc., 472 So.2d 513, 514 (Fla. 2d DCA 1985); Prado-Gonzalez v. State, 468 So.2d 991 (Fla. 4th DCA 1984). An oral pronouncement by the trial court cannot be appealed. Phillips v. Albertson's Inc., at 514. The *313 clerk's minutes cannot substitute for the written order. See Fla.R.App.P. 9.020(e) (Order. A decision, order, judgment, decree or rule of a lower tribunal, excluding minutes and minute book entries). (Emphasis added).
We do not perceive Williams v. State, 324 So.2d 74 (Fla. 1975) to be an impediment to dismissal. In Williams the court held that a prematurely filed notice of appeal shall not be subject to dismissal. Id. at 79. The opinion included the pronouncement that:
This rule [of non-dismissal] shall apply to such situations as when the defendant file[s] his notice of appeal:
1. After oral pronouncement of judgment, but before the judgment is reduced to writing and signed.
Id. at 79. However, a review of the decision in Williams leads to the inescapable conclusion that the above statement is dicta.[3] In Williams after pronouncing judgment and sentence the trial court set an appeal bond but conditioned Williams' release upon Williams filing a notice of appeal. Understandably, Williams promptly filed a notice of appeal. The result was the notice of appeal was filed four days before rendition of the judgment. The state moved to dismiss Williams' appeal arguing that a premature notice of appeal is not effective to vest jurisdiction in the appellate court. The district court agreed and dismissed the appeal. Williams v. State, 297 So.2d 655 (Fla. 4th DCA 1974). On review the supreme court reversed because Williams was placed in the untenable position of having to file the notice of appeal to be released from custody. Williams v. State, 324 So.2d at 79. The court went on to hold "that a defendant may, for the purpose of obtaining supersedeas bond, file his notice of appeal at any time after oral judgment or sentence is pronounced and before it is rendered." Id. (Emphasis added). The court further noted "that notice of appeal so filed (to obtain supersedeas before judgment is rendered) shall not be subject to dismissal either by motion of the parties or of the Court." Id. (Emphasis added). Finally the court stated that even though the prematurely filed notice of appeal does not vest the appellate court with jurisdiction at the time of filing, once the judgment is rendered the notice then vests jurisdiction in the appellate court.
In this case appellant's release on bond was not dependent upon filing the notice of appeal. Appellant's "judgment and sentence" have still not been rendered. More than two years after the oral pronouncement of judgment and sentence, jurisdiction still has not been vested in this court. We see no reason why this case should not be dismissed. Once a written judgment and sentence have been signed and rendered, appellant can file a new notice of appeal.
We limit our decision to the unique facts of this case. We specifically do not address the broader question of whether prematurely filed notices of appeal are subject to dismissal prior to rendition of the order being appealed.
Accordingly, this appeal is hereby dismissed.
SHIVERS, C.J., and SMITH and BARFIELD, JJ., concur.
NOTES
[1] Appellant was at the time a county commissioner in Walton County.
[2] This appeal has been delayed considerably due to the neglect of appellant's prior appellate counsel. Pippin v. State, 567 So.2d 990 (Fla. 1st DCA 1990). We recently granted appellant's motion to secure the services of different counsel. Id. at 992.
[3] Cf. In re Forfeiture of $104,591 in U.S. Currency, 578 So.2d 727 (Fla. 3d DCA 1991) (statement in Williams that post trial motions are not abandoned by filing of notice of appeal is obviously dicta).