PER CURIAM.
Upon the court’s own motion, we dismiss this appeal.
Appellant filed a motion for post-conviction relief in the trial court pursuant to Florida Rule of Criminal Procedure 3.850. Appellant filed a notice of appeal. Since the appeal was pursuant to Florida Rule of Appellate Procedure 9.140(g), we received a copy of the record almost immediately after the notice of appeal was filed. Upon review of the record, we discovered the record contained no copy of an order denying appellant’s motion for post-conviction relief. We issued an order to show cause why the appeal should not be dismissed for lack of jurisdiction. Appellant has not responded to the order to show cause.
Absent a written order, appellant cannot appeal. Owens v. State, 579 So.2d 311 (Fla. 1st DCA 1991). As in Owens, we do not believe that Williams v. State, 324 So.2d 74 (Fla.1975) is an impediment to dismissal. Since this appeal involves post-conviction relief, appellant obviously did not file his notice of appeal prematurely for the purpose of triggering his right to release on bond. A prematurely filed notice of appeal can be dismissed if the appeal involves post-conviction relief. Any statement in Williams which would suggest a contrary result is dicta.
Accordingly, we hereby dismiss this appeal.
JOANOS, C.J., and BOOTH and KAHN, JJ., concur.