794 So.2d 755 (2001)
ST. PAUL FIRE AND MARINE INS. COMPANY, Petitioner,
v.
MARINA BAY RESORT CONDOMINIUM ASSOC., INC., Respondent.
No. 1D01-0603.
District Court of Appeal of Florida, First District.
September 26, 2001.
*756 Ralph B. Leemis, Esquire of Neilson & Associates, Orlando, for Petitioner.
Bob G. Freemon of Bob G. Freemon, P.A., Tampa, Douglas L. Grose, Esquire of Douglas L. Grose, P.A., Tampa, for Respondent.
BENTON, J.
By petition for writ of certiorari, St. Paul Fire and Marine Insurance Company (St.Paul) asks us to quash a circuit court's order requiring the parties, already represented by Florida lawyers, "to retain associated local counsel in Okaloosa County within ten (10) days." Persuaded that the order departed from the essential requirements of law, we grant the petition for writ of certiorari and quash the order.
Respondent here, Marina Bay Condominium Association, Inc., (Marina Bay) filed suit against St. Paul for breach of contract in connection with insurance claims arising out of property damage wrought by Hurricane Opal. When Marina Bay initiated the proceedings below, it was represented by Florida lawyers in good standing with offices in Tampa. St. Paul's original lawyers, also duly admitted in Florida and in good standing, have offices in Orlando.
After a case management conference on January 2, 2001, the trial court entered an order on January 19, 2001, reflecting its impression that "little of substance ... other than an exchange of pleadings" had occurred in the more than three years since the case had been filed. The trial court's order ruled: "Each party is hereby required to retain associated local counsel in Okaloosa County within ten (10) days of the date of this Order." The trial court's order further stated that any "further failure to cooperate among counsel may subject the counsel failing to cooperate to a $1,000.00 a day penalty."
"The petitioner who seeks a writ of certiorari must show either that the trial court exceeded its jurisdiction or [otherwise] departed from the essential requirements of law. Steele v. Davis, 667 So.2d 264, 264 (Fla. 1st DCA 1995)." Smith v. Smith, 764 So.2d 650, 651 (Fla. 1st DCA 2000). In addition to showing such a departure, the petitioner must demonstrate injury of a kind that cannot be remedied on appeal from final judgment. See Bared & Co. v. McGuire, 670 So.2d 153, 156 (Fla. 4th DCA 1996). "[I]n civil cases certiorari is rarely granted because the petitioner generally cannot show that any potential injury cannot be rectified on appeal." Naghtin v. Jones, 680 So.2d 573, 577 (Fla. 1st DCA 1996) (quoting Riano v. *757 Heritage Corp. of South Fla., 665 So.2d 1142, 1145 (Fla. 3d DCA 1996)).
In the present case, St. Paul argues that its petition for writ of common law certiorari is appropriate because of the "inherent irreparable harm of a trial judge acting clearly beyond his authority, for unknown reasons, and without due process, and beyond the essential requirements of law." This general claim of irreparable injury falls short. See Jaye v. Royal Saxon, Inc. 720 So.2d 214, 215 (Fla.1998) (rejecting the contention that the possibility of having to bear the expense of trying a case twice is irreparable harm); Stoever v. Vedder Homes, Inc. 697 So.2d 1247, 1248 (Fla. 5th DCA 1997); Naghtin, 680 So.2d at 577. So does St. Paul's complaint that it may be required to pay the additional attorney's fees Marina Bay will have to pay its "local counsel": St. Paul may never be ordered to pay Marina Bay's fees or all of them, and any such order could be remedied on appeal, in any event.
But we are persuaded by St. Paul's assertion that it will suffer irreparable injury because of the certainty of the additional fees it will have to pay its own swollen cohort of attorneys, whatever the future course of the litigation. The record supports its contention that, absent certiorari relief, St. Paul faces "[s]ignificant[ly] increased attorney's fees ... without its consent, [from] having two Florida law firms represent it in the lower tribunal, which attorney's fees will not be recoverable" from any person (even on appeal from final judgment). See also Herskowitz v. Herskowitz, 466 So.2d 8, 9 (Fla. 3d DCA 1985) (granting a petition for writ of certiorari and quashing an order requiring petitioners to appear only through counsel on grounds, inter alia, that the "record does not support denial of the right to selfrepresentation"); State v. Carlton, 314 So.2d 593, 594 (Fla. 2d DCA 1975) (granting a petition for writ of certiorari and quashing an order disqualifying counsel). The order under review does "depart from the essential requirements of law and thus cause material injury to the petitioner throughout the remainder of the proceedings below, effectively leaving no adequate remedy on appeal." Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla. 1987).
Even a lawyer with offices located elsewhere is entitled to appear in the state courts that sit in Okaloosa County, as long as the lawyer is a member in good standing of The Florida Bar. See Fla. R. Jud. Admin. 2.060(a) ("All persons in good standing as members of The Florida Bar shall be permitted to practice in Florida."). "A lawyer currently admitted to practice in a jurisdiction may provide legal services to a client ... at any place within the admitting jurisdiction...." Restatement (Third) of the Law Governing Lawyers § 3 (1998). See generally Haight, Brown & Bonesteel v. Superior Court, 234 Cal.App.3d 963, 285 Cal.Rptr. 845, 848 (1991) (describing a noncompetition clause as reasonable where it allowed "departing attorneys to withdraw from a partnership and continue to practice law anywhere within the state"). We note that the local counsel provision that gave rise to the decision in Martin v. Walton, 368 U.S. 25, 82 S.Ct. 1, 7 L.Ed.2d 5 (1961), is no longer on the books in Kansas.
While the order under review does not prevent the parties' original lawyers from continuing to represent them in Okaloosa County, it places severe restrictions on their ability to do so. As a practical matter, their clients must bear an additional economic burden because of the requirement to associate "local counsel." As a constitutional matter, requiring lawyers to associate co-counsel is the type of practice restriction that ordinarily falls to our supreme *758 court to impose. Under Article V, section 15, of the Florida Constitution, the Supreme Court of Florida has "exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of persons admitted."
After finding an attorney in contempt of court, the trial judge in Gifford v. Payne, 432 So.2d 38, 39 (Fla.1983), levied a fine against the attorney, and restricted him from representing clients without co-counsel in criminal cases until he certified that he had completed his continuing education credits. The supreme court decided that, although the fine was within the trial court's jurisdiction to impose, the restriction on the attorney's practice of law was beyond the trial court's authority, and at odds with the procedures set out in The Florida Bar Integration Rule. See id.; see also R. Regulating Fla. Bar 3-3.1; Pippin v. State, 559 So.2d 708, 711 (Fla. 1st DCA 1990) ("The Florida Supreme Court has... made it clear that we cannot restrict an attorney's practice of law.").
The trial court did not in the present case find anybody in contempt or identify any dereliction on the part of any individual lawyer or party. It thus lacked any basis for imposing sanctions of any kind. See generally Commonwealth Fed. Sav. and Loan Ass'n v. Tubero, 569 So.2d 1271, 1273 (Fla.1990). Neither the parties nor their original counsel consented to the restrictions. Cf. Pippin, 559 So.2d at 711. Nor does the record reveal any other basis for the restrictions the order under review imposes. "No authorization ... permits judicial inquiry into a client's eligibility for representation in a Florida Court by an attorney who is a member of The Florida Bar in good standing who has been designated by the client." State v. Carlton, 314 So.2d 593, 594 (Fla. 2d DCA 1975). By requiring the original lawyers to associate "local counsel," the trial court unlawfully restricted the original lawyers' right to represent their clients in any Florida court on their own.
We commend the trial court's desire to see the parties' dispute resolved expeditiously, and acknowledge the possibility that proper judicial management of some especially complex case might justify a trial judge's requiring the parties to retain additional counsel. In any such hypothetical case, however, it would not be for the trial judge to specify the county in which an additional lawyer's office must be located. See generally Fla. R. Jud. Admin. 2.060(j) ("Addition of Attorneys") ("After a proceeding has been filed in a court, additional attorneys [in good standing as members of The Florida Bar, wherever their offices are located] may appear without securing permission of the court.").
The petition for writ of certiorari is granted and the order under review is quashed.
WOLF and KAHN, JJ., CONCUR.