BENTON, J.
Pursuant to Rules 9.100(c)(3) and 9.190(b)(2) of the Florida Rules of Appellate Procedure, the Florida Department of Transportation (DOT) has filed a petition to review non-final agency action under the Administrative Procedure Act. See Art. V, § 4(b)(2), Fla. Const.; § 120.68(1), Fla. Stat. (2004). We dismiss the petition.
DOT seeks to overturn an administrative law judge’s discovery order in a bid ease. The order compels DOT to elect between producing certain information and materials requested by Rosiek Construction Co., Inc. (Rosiek); and forgoing the opportunity at the impending formal administrative hearing of putting on that information, those materials, and other evidence on the same subject. See generally A Prof'l Nurse, Inc. v. State, Dep’t of Health & Rehabilitative Servs., 519 So.2d 1061, 1064 (Fla. 1st DCA 1988). We note that the budget number or “prebid estimate,” Dep’t of Transp. v. Groves-Watkins Constructors, 530 So.2d 912, 912 (Fla.1988), for the project is set out in the bid *1189 documents which are already a matter of public record.
DOT contends that information and materials sought by Rosiek’s requests for production and interrogatories are confidential under section 337.168(1), Florida Statutes (2004) (“A document or electronic file revealing the official cost estimate of the department of a project is confidential and exempt from the provisions of s. 119.07(1) until the contract for the project has been executed or until the project is no longer under active consideration.”). We do not reach this question, inasmuch as the order under review provides DOT an alternative to disclosing the information and materials it deems confidential. Cf. Eastern Cement Corp. v. Dep’t of Envtl. Reg., 512 So.2d 264, 266 (Fla. 1st DCA 1987) (reversing hearing officer’s denial of protective order sought to maintain confidentiality of trade secrets a party would otherwise have been required to disclose); Fla. State Univ. v. Hatton, 672 So.2d 576, 577 (Fla. 1st DCA 1996) (reversing non-final order upon finding “that the hearing officer abused his discretion in failing to allow the University to substitute summaries of the requested information”).
Petitions to review non-final agency action under the Administrative Procedure Act are “rarely granted” just as “ ‘[i]n civil cases certiorari is rarely granted because the petitioner generally cannot show that any potential injury cannot be rectified on appeal.’ Naghtin v. Jones, 680 So.2d 573, 577 (Fla. 1st DCA 1996) (quoting Riano v. Heritage Corp. of South Fla., 665 So.2d 1142, 1145 (Fla. 3d DCA 1996)).” St. Paul Fire & Marine Ins. Co. v. Marina Bay Resort Condo. Ass’n, Inc., 794 So.2d 755, 756-57 (Fla. 1st DCA 2001). While an “order compelling discovery over a claim that the evidence is privileged is generally reviewable under section 120.68(1), because the harm cannot be remedied on review of the final order,” State, Dep’t of Transp. v. OHM Remediation Servs. Corp., 772 So.2d 572, 573 (Fla. 1st DCA 2000), DOT’s ability to comply with the order under review, without making the disclosures it objects to, makes this a case in which DOT does not face the requisite “ ‘irreparable injury.’ ” See Eight Hundred, Inc. v. Fla. Dep’t of Rev., 837 So.2d 574, 575 (Fla. 1st DCA 2003); Charlotte County v. Gen. Dev. Utils., Inc., 653 So.2d 1081, 1084 n. 2 (Fla. 1st DCA 1995 ) (“[T]he right of review guaranteed by the statute is no broader than the generally available common law writ of certio-rari.”).
In the event the administrative law judge eventually concludes, on the evidence adduced at hearing, that Rosiek has met its burden in this “bid-protest proceeding contesting an intended agency action to reject all bids” to show that “the agency’s intended action is illegal, arbitrary, dishonest, or fraudulent,” § 120.57(3)(f), Fla. Stat. (2004), and enters a recommended order accordingly, DOT can act pursuant to section 120.57(1)(Z), Florida Statutes (2004), or, if necessary, seek relief under section 120.68(1), Florida Statutes (2004), and implementing rules, at that time. See Fla. Dep’t of Law Enf., Crim. Justice Standards & Training Comm’n v. Dukes, 484 So.2d 645, 647 (Fla. 4th DCA 1986).
Dismissed.
LEWIS, J., concurs; THOMAS, J., concurs with opinion.